MILTON CONSTRUCTION & SUPPLY
COMPANY, a corporation, Plaintiff,
and
Vincent F. Palermo and Lois Nadine Paler-
mo, etc. (Plaintiffs), Respondents,

v.

The METROPOLITAN ST. LOUIS SEWER
DISTRICT, a municipal corporation,
Defendant,

and

William L. Whalen et al., as Individuals
and as Representatives of a Class or
Classes of Persons Similarly Situated, In-
tervenors, Appellants.

No. 29787.

St. Louis Court of Appeals.

Missouri.

Jan. 7, 1958.

Val Terschluse and Strubinger, Tudor, Tombrink & Wion, St. Louis, for inter-venors-appellants.

James J. Rankin, St. Louis, for respondents Palermo.

RUDDY, Presiding Judge.

This is an appeal from an order of the Circuit Court of St. Louis County granting the application of Vincent Palermo and wife to intervene as representatives of a class and denying the application of appellants to intervene as representatives of the class.

The applications to intervene were filed in a case wherein the Milton Construction & Supply Company, a corporation, is plaintiff and The Metropolitan St. Louis Sewer District, a municipal corporation, is defendant.

We shall refer to the plaintiff as Construction Company; to the defendant as Sewer District; to the intervenors William L. Whalen et al. as appellants; and to the intervenors Vincent F. Palermo and Lois Nadine Palermo, his wife, as respondents.

The petition filed by the Construction Company alleged that it was the owner of a subdivision described in said petition and for the purpose of providing sanitary sewers for use and benefit of the owners and purchasers of lots in said subdivision, it applied to the Sewer District for permission to install sanitary sewers in said subdivision. It was further alleged that as a condition to the granting of the permission requested, the Sewer District required the Construction Company to enter into an agreement. One of the conditions in said agreement, as shown by the petition, was that the Construction Company deposit with the Sewer District the sum of $200 for each lot for which a sanitary sewer connection was requested. In the agreement was a provision that if "the subdistrict in which the said subdivision is located shall vote for the construction of a trunk sanitary sewer to be financed by any form of obligation of the subdistrict, the amounts held on deposit for the benefit of each lot shall be refunded to the persons owning such lots on the date that the indebtedness is authorized by such vote."

The Construction Company further alleged in its petition that the portion of the aforesaid provision which required it to refund $200 for each lot to the persons owning said lots on the date the indebtedness was authorized by such vote was an arbitrary, unreasonable, improper and unlawful requirement and that it executed said agreement with the express understanding that it did not waive its right to have the aforesaid provision declared void and unenforceable by a court of competent jurisdiction.

It was further alleged that the Construction Company installed sanitary sewers at its own expense and that, thereafter, the subdistrict voted to issue bonds for the construction of a trunk sanitary sewer. Thereafter, the Sewer District gave notice that it would refund the sum of $200 for each lot to the persons owning lots on the date when the indebtedness was authorized.

The petition further alleged that the provision of the agreement complained of was void and unenforceable and asked judgment against the Sewer District for $59,400, the amount remaining on deposit.

The Sewer District in its answer denied the allegations of the petition and alleged that no amount was due or owing to the Construction Company.

The respondents filed an application to intervene, attaching thereto a petition to intervene for themselves and as representatives of the class of persons similarly situated (the owners of 297 lots), alleging inter alia, that they were the owners of one lot in the subdivision and the improvements thereon; that the Construction Company collected from them and other lot owners the sum of $200 on each lot as part purchase price, representing the deposit required pursuant to the written agreement between the Construction Company and the Sewer District; that the representation by the existing parties to the suit as filed is or may be inadequate and that respondents and other members of the class may be bound by a judgment in the action; that the rights of respondents and other members of the class are joint, common and several; that there is a common question of law and fact affecting the several rights of respondents and the members of the class; that a common relief is sought; that this action will adjudicate their several claims; that respondents will fairly and adequately represent the whole of said class; that the persons constituting the class are very numerous, numbering more than 100 persons and that it is impracticable to bring them all before the court; and that their representation of the class will secure a final and binding judgment as to the rights of the members of the class.

The appellants, numbering approximately 190 persons and representing approximately 100 units of the 297 units involved, filed their application to intervene for themselves individually and as representatives of the class of persons similarly situated.

Thereafter, additional parties representing additional units sought to join in the application of the appellants to intervene. Appellants' petition to intervene contained allegations similar to those in the petition of respondents, with one exception. The appellants alleged that individually they are themselves a representative cross-section of the entire class sought to be represented and by their appearance in said case for themselves and as representatives of the class they will fairly and adequately represent the class.

The two applications to intervene were submitted to the court. No evidence in support of their application was offered by respondents and the only evidence offered by the appellants in support of their application was a contract of employment of attorneys for appellants containing the signatures of the owners of approximately 100 units. Subsequent to the aforesaid submission of the applications, an affidavit signed by seven persons was filed with the court. This affidavit stated that the affiants established themselves as a fact finding committee in connection with the controversy concerning the funds on deposit with the Sewer District; that the committee was formed at an open meeting attended by many persons interested in the instant litigation; that they contacted "well over a majority of the total of 297 lot owners" and that this majority selected the appellants as their representatives "to intervene for and in their behalf in the above lawsuit and to represent their interests." It was further stated that no other persons other than appellants were chosen to represent the group.

The trial court entered its order sustaining respondents' application to intervene as individuals and as representatives of the whole class and allowed appellants to intervene as individuals, but not as representatives of the whole class. The appeal was taken from this order.

Before discussing the points asserted by appellants, we must consider the point raised by respondents which charges that

this Court is without jurisdiction of this appeal for the reason that none of the orders appealed from are final judgments in the sense that appellants are denied some substantive right. Respondents contend that appellants are not aggrieved, because their application to intervene as individuals was granted and as such individuals they may protect all their rights. It is their position that as individuals, appellants can assert every right, make every contention, introduce any evidence, etc., they could assert as representatives of the class. Further, that the orders made do not operate prejudicially and directly upon appellants' property, pecuniary or personal rights. Schumacher v. Schumacher, Mo.App., 223 S.W.2d 841.

At the outset, in answering this point made by respondents, it should be made clear that appellants' rights as individuals in the instant litigation should not be confused with the right of the class to be adequately represented. Appellants seek to be appointed as representatives of the class, asserting that respondents' appointment leaves the class without *adequate* representation, which, they say, is equivalent to no representation.

There can be no doubt about the effect of the ultimate decree and judgment that will be entered in this case. It will adjudicate the ownership of the funds on deposit with the Sewer District. The absent members of the class claim an interest in those funds. The respondents in their intervening petition admit the existence of specific property rights in the fund involved in favor of the members of the class. It becomes obvious then, that if the class is not *adequately* represented any decree or judgment entered may operate prejudicially upon the rights of the absent members of the class.

■ Section 507.070 RSMo 1949, V.A.M.S., and Supreme Court Rule 3.07, 42 V.A.M.S., require the representative or representatives of the whole class be fairly chosen and that they will adequately and fairly represent the whole class. The stat-

ute and rule also require the petition to allege such facts as shall show that the representative has been fairly chosen and will adequately and fairly represent the whole class. A further provision requires that such allegations be proved. The requirements of the aforesaid statute and rule are mandatory. Campbell v. Webb, 363 Mo. 1192, 1199, 258 S.W.2d 595, 599; Hribernik v. Reorganized School District R-3, Mo. App., 276 S.W.2d 596, 599; City of St. Ann v. Buschard, Mo.App., 299 S.W.2d 546, 553. Until such a showing is made, a judgment or decree binding the whole class may not be entered. Therefore, it is a prerequisite to the right of the respondents to represent the whole class, that the court find they have been fairly chosen and will adequately and fairly represent the whole class.

The right of the class to be adequately represented is a substantial right, the denial of which would seriously affect the interest of the absent members of the class. We have pointed out that they may have a recognizable interest in the fund involved. The Supreme Court of this state manifested its concern for adequate representation in class actions when it enacted a comprehensive rule (Supreme Court Rule 3.07) to supplement the statutory provisions. We said in Hribernik v. Reorganized School District, supra, that the requirements of the rule reveal the Supreme Court's solicitude for the constitutionality of Section 507.070 by requiring that the elements of due process be accorded to all absent members whom others would bind as a class. In this same case we held that it was the duty of the court to protect absent parties in class actions.

It is true that the order appealed from shows that the class will be represented by the respondents. However, if the order selecting the respondents as the representatives of the class is the result of an abuse of the trial court's discretion, our refusal to take jurisdiction of this appeal would leave the class of lot owners without representation. It is not sufficient to show that the class is represented. It must be shown that the class is *adequately* represented. Any representation that is not adequate may open the way to collusion or fraud which would sacrifice the rights of the absent members of the class.

 Appellants contend that respondents do not and cannot adequately represent the whole class and that respondents were not chosen to represent the class. If this be true, then the class is not represented as contemplated by the statute and Supreme Court Rule. The class is seeking to intervene and the appointment of an unqualified representative is the equivalent of refusing to permit the class to be represented. Unquestionably the refusal of such representation would be reviewable on appeal. The appointment of one not qualified is equally as grievous. Where *adequate* representation is essential to the preservation of the rights of the class, an order that in effect denies adequate representation is reviewable by appeal. City of St. Louis v. Silk, 239 Mo.App. 757, 199 S.W.2d 23, 27.

If we were to hold that the order appealed from is not reviewable, the immediate question that comes to mind is, when may an alleged abuse of discretion by a trial court in this matter be reviewed? We think it should be reviewed now and that it should not await the final decree and judgment adjudicating the ownership of the fund. To postpone a review until that time may require a retrial of the entire litigation. Such a course is unwarranted. It is our opinion that the order made by the trial court is reviewable.

The basic point asserted by appellants in support of their appeal is that the trial court abused its discretion in selecting respondents, Vincent F. Palermo and his wife, to represent the whole class. Many reasons are given by appellants in support of their contention. We need only consider a few of them.

We have pointed out heretofore that Supreme Court Rule 3.07, 42 V.A.M.S.,

requires the petition to allege such facts as shall show that those seeking to represent the class have been fairly chosen and will adequately and fairly represent the whole class. We have also pointed out that the rule requires the petitioner to prove such allegations of fact. Further, we have pointed out that these requirements cannot be regarded as merely technical or directory. They are mandatory, as we said in Hribernik v. Reorganized School District R–3, supra. Appellants point to the failure of respondents' application to intervene and their petition attached to said application to allege the essential facts required under the Supreme Court Rule. An examination of respondents' application and petition shows no such allegations. There is a complete absence of allegations showing how respondents were "fairly chosen," if they were chosen, and no facts are alleged which would demonstrate that respondents might adequately and fairly represent the whole class. An examination of the record discloses that respondents offered no evidence to show how they were chosen, if, as a matter of fact, they were chosen and the record is completely devoid of evidence to prove that respondents would adequately and fairly represent the whole class. In brief, there were no allegations and no proof of the essential facts required by the Supreme Court Rule.

Respondents contend that in the selection of a representative of a class the trial court has a wide discretion. With this statement we agree. However, there must be a framework of facts on which the court's discretion is based. In this case there were no facts, either pleaded or proved, sufficient to support the order made. A trial court may not select any one to represent the class until they present the credentials prescribed by the statute and the rule. Hribernik v. Reorganized School District R–3, supra. Any order made, unsupported by the essential facts called for in the statute and the rule, is arbitrary and cannot stand. We rule the order

appointing respondents as the representatives of the class is arbitrary and an abuse of discretion and should be set aside.

While appellants do not contend that this court should direct the trial court to appoint them as the representatives of the class, it is obvious that this is their ultimate goal. However, appellants' application to intervene and their petition fail to allege that they were chosen by the class and, if chosen, that they were "fairly chosen" and fail to allege facts which would demonstrate that they might adequately and fairly represent the whole class. At the time of the submission to the trial court of their application and petition to intervene as representatives of the class, they likewise failed to offer any evidence to show that they were "fairly chosen" if, as a matter of fact, they were chosen and that they would adequately and fairly represent the whole class. We must restate here what we said in connection with respondents' application and proof, that there were no allegations and no proof of the essential facts required by the Supreme Court Rule.

It is our opinion that the portion of the order of the trial court wherein the court permitted respondents and appellants to intervene as individuals should remain unchanged and that the portion of the order of the trial court wherein the court sustained respondents' application to intervene as representatives of the whole class and denied appellants' application to intervene as representatives of the whole class should be set aside and that the matter be remanded to the trial court to permit the respondents and the appellants to amend their respective applications to intervene, if the facts permit, to conform to the requirements of Supreme Court Rule 3.07, 42 V.A.M.S., and in a hearing to present proof of the essential facts required by the rule.

It is so ordered.

MATTHES and ANDERSON, JJ., concur.