Ray A. WEGMAN, Jr., and Mary B. Wegman, Plaintiffs,

v.

Jack FENDELMAN and Eugene Portman, Trustee, Defendants and Third-Party Plaintiffs-Appellants (Carl H. Oberle and Maryland Casualty Company, a corporation, Third-Party Defendants-Respondents).

No. 30249.

St. Louis Court of Appeals.

Missouri.

March 15, 1960.

Motion for Rehearing or to Transfer to Supreme Court Denied April 12, 1960.

Eugene Portman, St. Louis, Mo., for defendants and third party plaintiffs-appellants.

Philip M. Sestric, Richard M. Stout, St. Louis, Mo., for plaintiffs.

Paxton H. Ackerman, Ackerman, Schiller & Lake, Clayton, for third party defendants-respondents.

BRADY, Commissioner.

This is an appeal from an order denying defendants' motion to correct entry of an order dismissing their third-party petition. The parties will be referred to as they were in the trial court, except the third-party defendants-respondents, who will be referred to as Oberle and Maryland.

On January 25, 1957, plaintiffs filed a petition to cancel a certain deed of trust securing a note in the sum of $4,500, which sum represented money borrowed by plaintiffs from the defendant, Fendelman, and for equitable relief. As grounds for such action, the plaintiffs alleged that the said deed of trust was not signed by plaintiffs nor acknowledged by them before a notary public, and that the signatures on the deed of trust were forgeries. On February 14, 1957, defendants filed a motion for leave to file a third-party plaintiffs' petition, answer and interplea directed against the third-party defendants. The motion for leave to file the third-party petition recites that it is made in conformity

with Section 507.080 RSMo 1949, V.A.M.S. The third-party petition alleges that the individual third-party defendant, Oberle, was the notary public who wrongfully and illegally affixed the acknowledgment on the deed of trust, and that the corporate third-party defendant was surety on Oberle's official bond, guaranteeing that he would faithfully perform the duties of his office, and praying judgment in the sum of $7,500, and that Oberle and Maryland be summoned and required to answer the third-party petition. The answer and interplea filed by defendants admitted the existence of a deed of trust, and alleged that defendants did not have sufficient information to form a belief as to the truth or falsity of the allegations of the petition as to whether the deed of trust was a forgery. On the same day that the motion for leave was filed, a memorandum was filed, stating that defendants' motion was sustained. The memorandum was not signed by the court, and is as follows, omitting the caption:

"By leave of Court first had and obtained defendants' motion to file a Third Party Plaintiffs Petition and Third Party Plaintiffs Petition filed. Upon ex parte application defendants motion to join Carl Oberle and Maryland Casualty Company, a corp., sustained. Summons ordered to issue with copy of said Third Party Plaintiffs Petition Attached against said third Party defendants. Answer and Interplea filed.

"(Signed) Eugene Portman
      "Attorney for Defendants
      "611 Olive—St. Louis
      "MA 1–6992.
          "Filed
   "Div. Feb 14 1957 Two
   "Raymond O. Douglas
          "Circuit Clerk."

Summons did issue on February 18, 1957, was returned executed on both Oberle and Maryland, and on April 29, 1957, Oberle was granted 20 days additional time in which to plead. On May 20, 1957, Oberle and Maryland filed their motion to dismiss, which was based upon two grounds: first, that the third-party petition failed to state a claim on which relief could be granted against the third-party defendants; and second, that on the same date that this action was filed, an action was also filed in the circuit court of St. Louis City by the same plaintiffs, against the same defendants, arising out of the same transaction; i. e., the allegedly false notarization of this deed of trust by Oberle. On June 14, 1957, after a hearing, the trial court sustained the motion to dismiss, by memorandum which reads:

"Third Party Defendants Motion to Dismiss third party petition sustained.
      "(Signed) Michael J. Carroll
                        "Judge.
"Filed
"Div. Jun 14 1957 Two
"Raymond O. Douglas
      "Circuit Clerk."

On the 18th of September of that year, trial was had on plaintiffs' petition, with the result that a decree was entered on that same day which cancelled, set aside, and held for naught the deed of trust.

On the 16th of January, 1958, defendants filed their verified motion to correct the entry of the order of June 14, 1957. The motion alleged that on June 14, 1957, the court entered an order sustaining defendants' motion to dismiss, and requesting that the actual order made by the court on that day, which was alleged to be a denial of defendants' permission for leave to join by a third-party plaintiffs' petition and interplea a claim against Carl H. Oberle and Maryland Casualty Company, a corporation, be entered. The motion further alleged that at the hearing held on June 14, 1957, Paxton H. Ackerman, attorney for Carl H. Oberle and Maryland Casualty Company, a corporation, opposed the joining of his clients in the cause, and the court stated that, although defendants had filed a motion requesting leave to file as third-party plaintiffs, leave was never granted by the court, and that nowhere in the

court file is there any signed order granting such leave, and that the court thereby denied defendants the right to join Carl H. Oberle and Maryland Casualty Company, a corporation, as third-party defendants, and that said order is the actual ruling of the court. This motion read, in part, "3. Petitioner states that in conformity with Section 511.250, Revised Statutes of the State of Missouri, 1949, petitioner requests that this court sustain this motion * * *." On that same day, this motion was sustained by the trial court, the actual memorandum reading:

"By leave, defendant's Motion to Correct Entry of Order of June 14, 1957, filed and sustained. Clerk ordered to correct entry of June 14, 1957 so as to read as follows: 'Third party defendants' motion to dismiss third party petition sustained, without prejudice.'

"Eugene Portman
"Attorney for Defts.

"Approved
"Michael J. Carroll,
"Judge."

On January 21, 1958, the third-party defendants filed their motion to quash the order above set out, and as grounds therefor alleged that they were not served with a copy of the motion for a nunc pro tunc order, nor notified of the hearing thereon, that the motion contains erroneous statements of law and fact, and that under Rule 3.25 of the Rules of the Supreme Court, 42 V.A.M.S., and Section 510.150, RSMo 1949, V.A.M.S., the court was without jurisdiction to make such an order, and that such an order was improper. On March 1, 1958, the defendants filed an alternative motion to correct the entry of the order of June 14th, which was served upon third-party defendants' counsel, and notice given them of the hearing on that motion set for March 14, 1958. On that day, the parties appeared by counsel, and the third-party defendants were granted leave to amend their motion to quash, by adding a new paragraph alleging that the making of the nunc pro tunc order ex parte was "* * * without due process of law violative of Article XIV of the Constitution of the United States and of Sec. 10, Article I of the Constitution of the State of Missouri [V.A.M.S.]." Thereupon the Motion to Quash was taken up, heard and submitted to the court, and the following memorandum entered, which is not signed by the trial court:

Carl Oberle and Maryland Casualty Company's Motion to Quash Court's Order of January 16, 1958, called, heard and submitted, and the same is sustained on the ground of failure of defendants to notify Carl H. Oberle and Maryland Casualty Company of defendants application to correct order of June 14, 1957.
"(Signed) Eugene Portman
"Attorney for Defts.
"Ackerman, Schiller & Lake
"Atty for Third Party Defts.

"Filed
"Div. Mar 14 1958 Two
"Raymond O. Douglas
"Circuit Clerk."

Although the alternative motion for a nunc pro tunc order had not been ruled upon, the defendants filed the same motion again on March 18, 1958, and served a copy on the third party defendants. On that same day, leave to file that motion was granted by order reading:

"By leave of court first had and obtained, defendants file their Motion to Correct Entry of Order of June 14, 1957.
"(Signed) Eugene Portman
"Eugene Portman
"Attorney for Defendants
"Suite 1811–611 Olive St.
"St. Louis 1, Mo. MAin 1–6692
"Approved:
"Michael J. Carroll
"Judge."

Defendants then gave notice to the third party defendants that they would take up this motion on March 21, 1958, and on that day hearing was had upon the motion.

The hearing was very short, the only witness being the attorney of record for the defendants. Before he began his testimony, counsel for the third-party defendants objected to any testimony being received for the reason that the defendants' motion stated that it was a proceeding under section 511.250 RSMo 1949, V.A.M.S., and that relief under that statute can be granted only when the irregularity is patent on the record and that to take evidence would therefore contravene the substance of that section of the statutes. There was no ruling by the trial court upon this objection. Counsel for defendant thereupon stated that he did not rely entirely upon the statute as a basis for his motion, but he also relied upon " * * * the inherent power of the court to do substantial justice." He thereupon proceeded to give testimony in narrative form. His testimony was that he was the attorney for the defendants and attended a proceeding on June 14, 1957, before the judge now sitting in this hearing, where the question was whether or not defendants would be permitted to join as third-party defendants Oberle and Maryland, as requested by a pleading he had filed requesting such permission. Counsel then gave as his testimony that there was nowhere in the record of the case any order signed by the court permitting the joinder of the third-party defendants; that counsel for the third-party defendants was present and argued against allowing such a third-party petition, stating as grounds therefor that the defendants' cause of action was premature, and that until such time as the deed of trust was actually set aside, the defendants had no claim against the third-party defendants; that the court stated he was of the opinion the issue should not be cluttered in the present suit; that upon hearing counsel for defendants stated that summons had already issued for the third-party defendants; that there was no signed order

granting the defendants permission to file such a pleading, and then stated in the presence of both counsel that the defendants would not be permitted to join Oberle and Maryland as third-party defendants.

Counsel for the third-party defendants refused to cross-examine, restating his previous objection to such testimony as being immaterial, incompetent, and irrelevant, and to the jurisdiction of the court to entertain any such matter.

Counsel for defendants thereupon asked the trial judge if he would make a statement, to which counsel for third-party defendants objected on the grounds that the record is what they were concerned with, and if there was any error patent in it, the record would speak for itself. The court did not rule upon the objection, but stated that "The court does not feel it ought to make a statement."

Counsel for defendants then asked counsel for the third-party defendants to take the stand, and upon doing so and being sworn, counsel for the third-party defendants gave as his testimony that he was the attorney for the third-party defendants and was in court on their behalf on June 14, 1957. When asked if he remembered making an argument to the court in opposition to the motion to permit the filing of the third-party petition based upon such joinder being premature, he stated that, "I cannot say that I do remember making such an argument." When asked whether or not he remembered the court stating that it would not allow defendants to join Oberle and Maryland as third-party defendants, his answer was that he could not say he did recall the court making such an affirmative statement. His further testimony was that he recalled the motion of the third-party defendants being sustained, but he did not recall the exact words nor could he remember the court using exactly that language, that his motion (the third-party defendants' motion to dismiss) was being sustained. He could not recall the counsel for defendants stating to the court that the

third-party summons had been issued, and the court's answer that there was no order signed by the court permitting the joinder of Oberle and Maryland.

No further testimony was offered by either party, and counsel for the third-party defendants renewed his objection. The court stated, "All right." The matter was thereupon taken according to a memorandum which reads:

"Defendants' Motion to Correct Entry of Order of June 14, 1957, argued and submitted.

"(Signed)   Michael J. Carroll

"Judge."

On July 15, 1958, the motion of defendant to correct the entry of June 14, 1957, was denied by a memorandum reading as follows:

"Defendants, Jack Fendelman and Eugene Portman, Motion to Correct Entry of Order of June 14, 1957, denied.

"(Signed) Michael J. Carroll

"Judge, Div. No. 2

"See Arkansas-Missouri Power Co. v. Hamlin, 288 S.W.(2d) 14, 19."

Defendants filed their timely motion for new trial, which was not ruled upon by the court but overruled by the lapse of ninety days without any ruling by the trial court. Notice of appeal was filed on October 27, 1958, and on January 23, 1959, trial court granted the defendants ninety days additional time to file the transcript. Arguments before this court were heard in December, 1959.

The defendants make four assignments of error, which are really one assignment of error with four reasons given why the trial court's action constituted prejudicial error. The defendants contend that: (1) the power of a trial court to correct or amend its judgment to conform to that actually rendered is not limited by the thirty-day period, or dependent upon statutory authority, but is inherent in every court; (2) that the only requirement is that such correction be supported by evidence, that such evidence is not limited to record evidence, and that parol evidence may be considered; (3) that in this case there was record evidence to substantiate the correction requested, and (4) that there was never a final judgment disposing of all the parties and all the issues, and so the thirty-day period never began to run.

We find the purpose and function of a proceeding for an order nunc pro tunc made after expiration of thirty days immediately following rendition of the judgment to be well settled in Missouri. In the case of Aronberg v. Aronberg, Mo. App., 316 S.W.2d 675, the decisions in this state on the question were reviewed. In that case, it was stated at loc. cit. 681:

"The important principle to remember in determining the court's authority to correct its records is that it can only correct the record so as to reflect the action actually taken by the court at the time it entered its order of judgment. A nunc pro tunc entry can only be employed to correct a clerical mistake or misprision of the clerk. Such an entry cannot be invoked to correct a mistake or oversight of the judge, nor be used to correct judicial errors, nor to render a judgment different from that actually rendered, even though the judgment actually rendered was not the judgment the judge intended to render. Wiggins v. Perry, 343 Mo. 40, 119 S.W.2d 839, 126 A.L.R. 949; Campbell v. Spotts, 331 Mo. 974, 55 S.W.2d 986; Clancy v. Herman C. G. Luyties Realty Co., 321 Mo. 282, 10 S.W.2d 914; Burnside v. Wand, 170 Mo. 531, 71 S.W. 337, 62 L.R.A. 427; Arkansas-Missouri Power Company v. Hamlin, Mo.App., 288 S.W.2d 14; Schenberg v. Schenberg, Mo.App., 307 S.W.2d 697."

These same principles control in the instant case.

■ It is first contended that the trial court's action in its final ruling upon the matter was based upon the erroneous supposition that because of the expiration of thirty days immediately following its ruling, it had lost jurisdiction to make any order. The court's ruling is not subject to such an interpretation. The order of the trial court is set out herein and refers to Arkansas-Missouri Power Co. v. Hamlin, Mo.App., 288 S.W.2d 14, at page 19. Upon reference to that case, it is immediately apparent that the judgment therein was rendered more than thirty days prior to the motion to correct or modify it nunc pro tunc. The discussion which begins on page 19 contained in syllabi 16 and 17 deals with when, and for what purpose, such a proceeding will lie. Neither that decision nor the order of the trial court herein can be said to hold that after thirty days, nunc pro tunc will not lie. To the contrary, the holding of the trial court and its reason for the citation of Arkansas-Missouri Power Co. v. Hamlin, supra, was that it found the rule as stated in Aronberg v. Aronberg, supra, to be applicable and that the defendants' motion should be denied because nunc pro tunc will not lie to correct a mistake or oversight of the judge, nor to render a judgment different from that actually rendered, even if that rendered was not the judgment the judge intended to render. Obviously, this is what defendants seek in this case.

■ So far as the defendants' second contention is concerned, it is equally well settled in this state that parol evidence cannot be considered in ruling upon a motion to correct the record nunc pro tunc. That was the ruling upon the point recently, by this court, in the case of Aronberg v. Aronberg, supra. Defendants contend that the ruling of this court on the point as found in the Aronberg case is contrary to the prevailing view in the United States and is not supported by logic, and urges its overthrow. The defendant contends that it is illogical to allow a trial court to accept parol evidence in a suit to reform a deed to a parcel of real estate so as to make the deed conform to that which was intended, and deny that same court the right to hear parol evidence in a suit to correct a judgment. They urge that the fears that the proponents of our present rule envision as resulting from the admission of parol evidence, such as opening the door to fraud and upsetting the finality of any judgment, are also applicable to the revision of a deed, and yet that has not been the result of the admission of parol evidence in that field; that the admission of parol evidence in suits to reform deeds, insurance policies, or other written instruments in Missouri has not placed the status of ownership of real estate in an unsettled, unclear, or chaotic condition. They point out that the parol evidence must be clear, cogent and convincing and urge that if the trial judges of this state are capable enough to decide when, in fairness, justice and equity, a deed ought to be reformed, even though the evidence is parol, they should be equally so when considering whether a judgment should be reformed. Defendants' arguments are those stated by the court in Wilson v. Town of Hansboro, 99 Miss. 252, 54 So. 845, where parol evidence was held admissible for the purpose it is herein offered.

Counsel for defendants' arguments are able, but they have been advanced in one form or another in earlier cases. The rule in this state is contrary to their contention, and has been so for a considerable time, as defendants themselves admit in their brief. Regardless of the merit of these arguments, this is not the proper forum for their advancement. The Supreme Court of this state has held to the contrary, Doerschuk v. Locke, 330 Mo. 819, 51 S.W.2d 62, and the decisions of that court are binding upon us. Constitution of Missouri, 1945, art. V, Sec. 2. It follows that parol evidence cannot be considered in determining whether or not this record may be corrected by a nunc pro tunc proceeding. There must be some rec-

**297**

ord either in the minutes of the judge, the clerk's entries, or in some paper in the cause authorizing the correction.

■ Defendants urge that if record evidence is all that can be considered, there was such evidence in this case, while negative in nature, in that there was not a memorandum signed by the court permitting the filing of the third-party petition. As movant, defendants had the burden to adduce evidence that demonstrated beyond question the incorrectness of the judgment rendered. Aronberg v. Aronberg, supra. Certainly the trial court was justified to find that the negative fact that the record discloses no such signed memorandum is not sufficient to sustain defendants' heavy burden of proof. To the contrary, the very sequence of events in the trial court constitutes strong evidence upon which the trial court could base its ruling denying the motion to correct the entry. Regardless of whether or not the trial court gave permission for such action, the third-party defendants were served, and did enter their appearance. They filed a motion to dismiss, which went to the sufficiency of the petition. There is no doubt that by such action they were in court, and had submitted themselves to the court's jurisdiction. These are facts that strongly indicate the court was in fact ruling upon the subject it stated it was, the third party defendant's motion to dismiss, and not upon the motion for leave to file a third-party petition.

Moreover, we are to give weight to the lower court's refusal to correct the record, Schulte v. Schulte, Mo., 140 S.W.2d 51, cited in the Aronberg case at loc. cit. 681 of 316 S.W.2d. It does not matter that the trial court once did sustain defendants' motion and order the record corrected, for it later quashed that action.

The last point presented by defendants is that when the trial court set aside and held for naught the deed of trust after the hearing on the merits on September 18, 1957, it did not include in its decree any reference to the third-party defendants' motion to dismiss being sustained, and therefore there has been no final ruling or judgment disposing of all the issues and all of the parties, and the thirty-day period has not run, and the trial court could correct the order based on the alleged fact that " * * * the court of its own recollection knew that the ruling as entered did not reflect the actual ruling made."

■ Of course, there is no evidence in the record that indicates the court knew of its own recollection that the ruling entered did not reflect the actual ruling made. The court made no such statement, nor was the trial judge's recollection elicited in any other manner than by defendants' counsel asking, "May I ask the Court if it would be proper for the Court to make a statement as to its recollection of what was actually stated by the Court on June 14, 1957, for the purpose of the record." The court stated: "The Court does not feel it ought to make a statement." The record before us does not reflect any indication by the trial court as to what was actually said upon June 14, 1957. In any event, the judge's recollection is not a proper basis for an order nunc pro tunc. Aronberg v. Aronberg, supra.

■■ Neither do we believe that failure of the trial court to recite in its final decree its ruling dismissing defendants' third-party petition, substantiates defendants' contention that there has been no final judgment or ruling disposing of this case. The third-party petition must state a claim on which relief can be granted. Sections 507.080, 509.050 RSMo 1949, V.A. M.S., Byrnes v. Scaggs, Mo., 247 S.W. 2d 826. The trial court held that it did not so state a claim, and its action in dismissing the third-party petition was responsive to the third-party defendants' motion to dismiss, based upon failure to state a claim upon which relief could be granted, and constitutes, in itself, a final and appealable order. Section 510.150 RSMo

1949, V.A.M.S.; section 510.160 RSMo 1949, V.A.M.S. It was not necessary for the trial court to again recite its ruling dismissing the defendants' third-party petition in its final decree. To so hold would be to require repetition. The record clearly shows such dismissal. Indeed, that it does so is the very thing the defendants complain of. While not wrapped in one package, the court's actions are easily ascertainable, and the record shows that all issues and all parties were disposed of. Stith v. J. J. Newberry Co., 336 Mo. 467, 79 S.W.2d 447, loc. cit. 460–461 (33–38).

The defendants cite several cases in support of their contention that there was no final appealable judgment in this case. They are not on point. In Hanover Fire Ins. Co. v. Commercial Standard Ins. Co., Mo., 215 S.W.2d 444, the appeal from an order sustaining a motion to dismiss as to one defendant was taken prior to the adjudication of the issues as to the remaining defendant. In the instant case, the appeal was taken after disposition of all the issues between the plaintiff and the defendant. In Bennett v. Wood, Mo., 239 S.W.2d 325, and Deeds v. Foster, Mo., 235 S.W.2d 262, the judgments failed to dispose of counterclaims and crossclaims, nor did the record show any disposition of those claims. In the case at bar, the record shows clearly the disposition of the third-party petition, even though that disposition is not recited in the final judgment on the merits between the plaintiffs and the defendants. In Bays v. Lueth, Mo., 323 S.W.2d 236, the record nowhere disclosed a ruling upon the second count of a petition containing two counts, even though both counts had been tried. In Madison v. Sheets, Mo., 236 S.W.2d 286, the court made certain findings in favor of plaintiff in an action to establish a private road across lands of the defendant and then appointed commissioners to view the premises, mark out the road and assess damages. The appeal was taken prior to the commissioners' report. The distinction is too apparent for comment.

Defendants also cited Section 511.130 RSMo 1949, V.A.M.S. but that section deals with interlocutory judgments rendered against only part of the defendants. It has no application to this case. Neither does Supreme Court Rule 3.29, also cited by defendants. There was no separate trial ordered or even requested in the case at bar, for the issues were never joined.

The judgment should be affirmed, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion by BRADY, C., is adopted as the opinion of the court.

The judgment is, accordingly, affirmed.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.