**CITY OF HANNIBAL, Missouri, a Municipal Corporation (Plaintiff) Respondent,**

v.

**Ben N. WINCHESTER and Ruth Winchester, his wife, et al. (Defendants) Appellants.**

No. 30897.

St. Louis Court of Appeals. Missouri.

Sept. 18, 1962.

Motion for Rehearing or for Transfer to Supreme Court Denied Oct. 15, 1962.

William B. Spaun, Hannibal, for appellants.

Dennis R. Davidson, City Counselor, Hannibal, for respondent.

SAM C. BLAIR, Special Judge.

On November 4, 1959, the original petition in this litigation was filed as a class suit by authority of a resolution of the City Council of Hannibal, under the provisions of Section 71.015, V.A.M.S., the Sawyer Act, to secure a declaratory judgment from the Hannibal Court of Common Pleas authorizing Hannibal to proceed with annexation of territory on the periphery of that city.

Later, on February 7, 1961, the Council adopted a resolution to amend the original petition by deleting from it certain landowners and their lands. Pursuantly, the City presented its amended petition and the court allowed it to be filed "over the objection of Defendants." The defendants dismissed do not appeal. The defendants remaining in the suit after the amendment are now undertaking to appeal.

On us rests the duty in every controversy brought to this court to determine for ourselves whether we have jurisdiction,

and this, whether the parties question our jurisdiction or not. Mo. Dig. Vol. 2, Appeal & Error, Key 23 p. 600. This we proceed to do, for unless the complaints brought to us are from final and appealable orders or judgments, we are without jurisdiction.

The appealing defendants who remain in the suit present two principal points: (1) the trial court wrongly allowed the cause, a class suit, to be "dismissed or compromised" by allowing the filing of the amended petition dropping some of the landowners and their lands, in violation of Section 507.070, V.A.M.S., Subsection 3, V.A.M.R. 52.08(c), directing in essence that no class suit may be "dismissed or compromised" without notice to all parties interested; and (2) in denying the (remaining) defendants as third-party plaintiffs the right by third-party petition to bring into the suit Harry Musgrove, Melvin Serenco and the Musgrove-Serenco Realty Company as third-party defendants. All other arguments revolve around these two points and depend for their legal vitality on them.

To say that this record is deplorably unsatisfactory is to put it mildly, for time and time again we scrutinize arguments in the briefs before us and then search the record at large and in vain for any slightest support for those arguments. V.A.M.R. 82.12 requires "The transcript on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented to the appellate court for decision by either appellant or respondent, * * *." The present transcript testifies to an almost complete disregard for this rule.

 Fundamental it is that an appellate court cannot accept mere assertions in briefs, except when the parties are in agreement, concerning the basis of a trial court's ruling, and that the court must look alone to the transcript itself to ascertain what the court did and its reason for doing so. LaRue v. Bloch, 215 Mo.App. 501, 255 S.W. 321; Key v. Key, Mo.App., 93 S.W.2d 256.

We must take the transcript as we find it, and we cannot piece or inch it out by reliance on unsupported assertions in the briefs.

 We examine appellants' first point: That the trial court allowed the suit to be "dismissed or compromised" without any notice to the interested parties and that this resulted in dismissal of some of the parties and the dropping of their lands, leaving no adequate representation of the class. We are mindful of our ruling in Milton Const. & Supply Co. v. Metropolitan St. Louis Sewer Dist., Mo.App., 308 S.W.2d 769, 772 (2, 3), that where "*adequate* representation is essential to the preservation of the rights of the class, an order that in effect denies *adequate* representation is reviewable by appeal" as a final order, notwithstanding the appeal is not from a judgment finally disposing of all parties and all issues in the cause, a condition ordinarily precedent to a final and appealable judgment. Section 512.020, V.A.M.S., notes 93–104; Weir v. Brune, 364 Mo. 415, 262 S.W. 2d 597. We look to the transcript presented to us to ascertain whether appellants' complaints can and ought to be reviewed by us. For unless this transcript presents a controversy analogous to Milton Const. & Supply Co. v. Metropolitan St. Louis Sewer Dist., supra, the present complaints do not arise from a final and appealable order, do not constitute an exception to the general rule as the order in Milton Const. & Supply Co. v. Metropolitan St. Louis Sewer Dist., supra, and we are without jurisdiction.

Returning to the transcript, we find the following: The original and amended petitions are in the record, it is true. But neither bears a caption. The body of neither petition refers to any single individual defendant by name, but broadly refers to all defendants as "the Defendants" at all times. We have no way of ascertaining, except from mere assertion in appellants' brief, what defendants were dropped and a fortiori we cannot tell from the transcript whether dropping them prejudiced the suit

or the class in any way. Added to this the original and amended petitions are both very lengthy and both contain legal descriptions of great length. Particular tracts of land are not described, only the entire tract to be annexed, and this court has no way of knowing from the transcript what lands were dropped from the original petition by the amended petition and by whom they were owned, and no one but a professional engineer or surveyor working on the ground could know. We believe it would have been entirely practical for the appellants to have presented to this court a transcript that would have furnished us with the decisive and vital information which this transcript leaves so palpably absent.

The briefs name Harry Musgrove, Melvin Serenco and the Musgrove-Serenco Realty Company as having been dropped and "also the property of many of the original defendants," without even stating who the "many * * * original defendants" were or what lands they owned within the area of proposed annexation. It is impossible to tell from the transcript whether dropping any of these particular defendants and their lands and "many of the original defendants" and their lands, unnamed, and undescribed particularly, was prejudicial to the suit or adequate representation of the class. In this whole transcript there is nothing relevant to this argument of denial of *"adequate"* representation except a lengthy motion "for Rehearing, Review and New Trial" claiming the dismissals were in violation of Section 507.070, V.A.M.S., Subsection 3; V.A.M.R. 52.08(c); Milton Const. & Supply Co. v. Metropolitan St. Louis Sewer Dist., supra; and that they resulted in multifarious sorts of fatality and prejudice to the suit and to adequate representation of the class.

■■ Here again we are confronted by the uniform rulings that a mere assertion of an action or an error urged in a motion for a rehearing or a motion for a new trial is "not evidence of the thing stated," does not prove itself, and is of no effect or force unless supported by the transcript, and we do not have such a transcript before us. Noren v. American School of Osteopathy, 223 Mo.App. 278, 2 S.W.2d 215, 218; Lubrication Engineers, Inc. v. Parkinson, Mo. App., 341 S.W.2d 876, 879; Mo.Dig. 2A, Appeal & Error, 712, 713(2); Fred Wolferman, Inc. v. Root, 356 Mo. 976, 204 S.W.2d 733, 174 A.L.R. 585. We can place no reliance on this motion in ruling this cause. We must disregard it.

■ We recall the elementary principle that we must presume right rather than wrong action by the trial court in the absence of any evidence to the contrary, Lubrication Engineers, Inc., v. Parkinson, supra, of which there is none. On this transcript, we will not rely on this presumption for our ruling. We elect to dispose of this point for other reasons.

But if we desired to presume, our conclusion would be that this point is wholly without merit and that all defendants were notified, as required by the statute and the rule, and that no prejudice resulted from the amendment; for the transcript discloses that the amended petition was filed, and the dismissals were allowed, "over the objection of the Defendants," all defendants. What "objection" was entered is not particularized in the transcript. How the defendants could object without being present in court, and how they could be present without notice of what was being done, are questions that leave us wondering why they persevere in saying they had no notice. But be this as it may, we are content to rule, and we are convinced we must rule, that the transcript on this aspect of the case is so entirely insufficient that a proper respect for the Supreme Court Rules of appellate procedure, particularly 82.12 (b), requires us to dismiss this point as one based on a transcript which fails to show an order resulting, as in Milton Const. & Supply Co. v. Metropolitan St. Louis Sewer Dist., supra, in that denial of *"adequate"* representation which we there held final

and appealable. For to allow an appeal in this case on the transcript presented, bearing no analogy to Milton Const. & Supply Co. v. Metropolitan St. Louis Sewer Dist., supra, would set a precedent permitting litigant after litigant successively to bring to this court piecemeal, by separate appeals, issue after issue, almost *ad infinitum,* to the intolerable delay of the final disposition of all parties and the final termination of the litigation as a unit. This point is dismissed.

We examine appellants' next point. Specifically, they say, "The Court erred and abused its discretion by overruling (sic) defendants, as Third Party· Plaintiffs, to bring Harry Musgrove, Melvin Serenco, and the Musgrove-Serenco Realty Company, because the defendants in a class action, represent all parties in the proposed to be annexed area, and were acting to represent all of the class from the encroachment by outsiders, in an independent action. Any representation that is not adequate may open the way to collusion or fraud which would sacrifice the rights of the absent members of the class."

 Urging us to hold the denial of the third-party petition to be an appealable order, appellants cite Webb-Boone Paving Co. v. State Highway Commission, 351 Mo. 922, 173 S.W.2d 580, and Bruun v. Katz Drug Co., Mo., 211 S.W.2d 918. Neither of these decisions bears any resemblance to the ruling made by the trial court in this cause. They cite City of St. Louis v. Silk, 239 Mo. App. 757, 199 S.W.2d 23. All this decision rules that might be deemed of relevance is that there are two classes of intervention: (1) those where intervention is not indispensable to the enforcement of a right claimed by the intervenor, and (2), those where the right to intervene is by the statute made absolute, or where the claim can be established, preserved, or enforced in no other way than by intervention. In the first class, intervention is purely permissive and discretionary and an order denying it is not a final order or judgment reviewable on appeal. But in the second class, where inter-́

vention is essential to the preservation of the petitioner's rights, the denial of it is a final order or judgment reviewable on appeal.

Appellants might have cited, as similar, State ex rel. Duggan v. Kirkwood, 357 Mo. 325, 208 S.W.2d 257, 2 A.L.R.2d 216, and Laclede Gas Co. v. Abrahamson, Mo., 296 S.W.2d 100, 61 A.L.R.2d 1286, for all are to the same effect. Ratermann v. Ratermann Realty & Inv. Co., Mo.App., 341 S.W.2d 280. But these rulings do not reach, much less determine, the question which confronts us.

For appellants present to us no order denying them any absolute right to file a third-party petition. Since State ex rel. McClure v. Dinwiddie, 358 Mo. 15, 213 S.W.2d 127, 1. c. 130, it has been the rule: "Under our statute * * * the granting by the trial court of a motion of the original defendant to implead a new third-party defendant is discretionary." Crouch v. Tourtelot, Mo., 350 S.W.2d 799, 803(6).

Appellants have no absolute right and they cannot look to these intervention cases as analogies supporting them in their claim that the order presented by this point is an appealable one. Indeed, they claim no absolute right, only an abuse of discretion.

We acknowledge that we said in Wegman v. Fendelman, Mo.App., 333 S.W.2d 290, 297(6, 7), the "action in dismissing *the third-party petition* was *responsive to the third-party defendants' motion to dismiss, based upon failure to state a claim upon which relief could be granted,* and constitutes, in itself, a final and appealable order." (Emphases added). Quite enough it is to say that we are not dealing here with an appeal complaining of such an action. We deal here with the complaint that the trial court *abused its discretion* in denying the third-party plaintiffs' petition. Moreover, the entire controversy as a unit, had been already ruled by the trial court. In consequence, we are not governed in this case by Wegman v. Fendelman, supra, for the ap-

pellants' appeal here is only from the denial of the third-party plaintiffs' petition, while the principal suit has been left in the trial court and is not now before us as a unit for decision. Accordingly, what was said in Wegman v. Fendelman, supra, cannot be argued as constituting a precedent here because the question before us now was not there "raised by the record, considered by the court, and necessary to a decision." State ex rel. Lashly v. Becker, 290 Mo. 560, 235 S.W. 1017, 1. c. 1028.

■ Our view, in these circumstances, is that the order of denial from which the appeal is undertaken is not an order or judgment we have jurisdiction to review, because it does not constitute an exception to the rule that an order or judgment ordinarily must dispose of all parties and all issues in the cause to be final and appealable. Section 512.020, V.A.M.S., notes 93–104; Weir v. Brune, supra. Any other ruling, we say at the cost of repeating, would set a precedent permitting litigant after litigant successively to bring to this court piecemeal, by separate appeals, issue after issue, almost endlessly, to the intolerable delay of the final disposition of all parties and the final termination of the litigation as a unit.

Even if the order were an appealable one, and we say this only as an aside, we are confronted again just as much on this point by the gross deficiencies in the transcript as by those which frustrated us in our search for any facts supporting the first point made. There is absolutely nothing in this inadequate transcript exhibiting any abuse by the trial court resulting in opening "the way to collusion or fraud which would sacrifice the rights of the absent members of the class," as appellants are claiming. Everything we said about the transcript in discussing the first point applies with equal force to this second point, and it is enough to add on this point, as we have said of the first point, that a proper respect for the Supreme Court Rules of appellate procedure, particularly 82.12(b), supra, would require

us, in any event, to ignore this point on the ground that we have not been furnished with a transcript embracing any adequate facts supporting any abuse of discretion.

For all the reasons discussed, the rulings are not appealable and the appeal must be dismissed.

It is so ordered.

RUDDY, Acting P. J., and WOLFE, J., concur.