In the Matter of Jeannette E. Wigand, Old Age Assistance Claimant.

Jeannette E. WIGAND, Appellant,

v.

STATE DEPARTMENT OF PUBLIC HEALTH AND WELFARE of Missouri, Respondent.

No. 33720.

St. Louis Court of Appeals, Missouri.

Oct. 27, 1970.

 

John V. LaBarge, Jr., Kirkwood, for appellant.

Elmore G. Crowe, Edward D. Summers, Curtis J. Quimby, Department of Public Health and Welfare, Jefferson City, for respondent.

WEIER, Commissioner.

This is the second appeal of old age assistance claimant, Jeannette E. Wigand, to this court. The first appeal is reported in Wigand v. State Department of Public Health and Welfare of Missouri, Mo.App., 454 S.W.2d 951. There claimant was denied relief because she had resources in excess of the statutory standards and was not in need. A reading of this opinion will supply background for the understanding of this appeal.

Subsequent to the termination of old age assistance by the State Department of Public Health and Welfare of Missouri, as described in the case referred to above, Mrs. Wigand again applied for old age assistance. This application was denied on November 14, 1968, on the ground that a one-year period of ineligibility had been applied to claimant. From this she appealed and a hearing was held February 5, 1969.

Set out in the written Application for Hearing as a basis therefor were two grounds: 1) Mrs. Wigand did not misrepresent her status or fail to disclose material facts or act in bad faith; 2) Section 208.-010(2) [2], RSMo 1959, V.A.M.S., authorizing the imposition of a penalty was unconstitutional.

At the hearing accorded Mrs. Wigand, she appeared only by counsel and submitted her case on the legal issues contained in the application and an oral contention that even if the state director found the statute imposing the penalty to be constitutional, the penalty here imposed was excessive and

therefore an abuse of discretion; and, further, that it was imposed prematurely. No testimony was offered on behalf of either claimant or the department.

Overruling and finding no merit in the contention that claimant did not misrepresent her status and did not fail to disclose material facts, the state director based his decision upon the finding in the previous case reported in our opinion, supra, to the effect that she owned resources in excess of those allowed by law and was "not in need" within the meaning of the statute (Section 208.010, RSMo 1959, V.A.M.S.). He further decided that this finding with regard to Mrs. Wigand's resources and the authority given under Section 208.010(2) [2] justified the application of a period of ineligibility of one year. Upon appeal, the circuit court affirmed the findings and decision of the director.

Claimant in her brief first charges error in the circuit court sustaining the director because the findings of fact upon which the director based his decision were neither in the record nor sufficient to justify a finding that claimant had made a misrepresentation or had failed to disclose.

The record on appeal is devoid of any evidence. As the transcript recites and the director found under the heading "Findings of Facts": "No evidence was offered or received and counsel for claimant submitted the appeal on the questions of law raised by the Application for Hearing, and the additional contention on behalf of claimant made orally by counsel that the one year period of ineligibility was assessed or applied prematurely." Then follows a statement that, based upon a request by claimant's counsel and agreed to by the referee, the director took notice of the facts of record in the Division of Welfare with respect to a letter mailed to the St. Louis welfare office, dated October 2, 1968. The letter, set out in that part of the decision of the director entitled "Findings of Facts", expressed the policy of the Di-

vision with regard to any reapplication of Mrs. Wigand for old age assistance. One of its paragraphs read: "We do not plan to file a restitution claim, but in the event reapplication is made, a one year penalty period of ineligibility should be applied, to partially offset the overpayment that has been made."

Following this is a second finding to the effect that Mrs. Wigand, on September 18, 1968, the date of the prior hearing, owned resources of $1359.00 and, owning such resources, was not in need within the meaning of the law.

By claimant's counsel making the request and the referee agreeing thereto, the parties in effect stipulated that the case would be submitted to the director upon the contents of the letter and the determination of resources in the prior case.

It is true, as claimant contends, that the facts upon which the director based his decision are not in the record in the sense that they are not contained in evidence submitted to him at the time of hearing. But the ultimate facts upon which the director based his decision, that is, his prior determination on September 18, 1968, in the case previously decided by us, and the letter expressing the policy of imposing a penalty, are in the record by agreement of counsel. Thus the director could find Mrs. Wigand received benefits to which she was not entitled because she misrepresented or failed to disclose material facts concerning her eligibility. This is contrary to Section 208.010(2) [2], RSMo 1959, V.A.M.S., which authorizes the director of welfare upon infraction to impose a penalty of ineligibility for such a period of time from the date of discovery as he may deem proper. By the terms of this section the penalty may also be imposed for a failure to report any change in status or correct information with respect to property or income received by a recipient of public assistance in excess of the amount allowed during the continuance of public assistance as required by Section 208.210, RSMo 1959, V.A.

M.S. Mrs. Wigand violated Section 208.010 (2) [2] by either misrepresenting or failing to disclose resources when she made application or by failing to take affirmative action and report receipt of resources after she received benefits.

A review by the circuit court in this case is governed by Section 208.100(5), RSMo 1959, V.A.M.S. The court is directed to determine whether or not a fair hearing has been granted to the applicant. If a fair hearing is not granted or if the court decides that the decision of the director is arbitrary and unreasonable, the proceedings must be remanded for redetermination. However, in the determination of whether the decision is arbitrary and unreasonable, it can be so characterized only if the decision is not based on substantial evidence. Wallin v. State Department of Public Health and Welfare, Mo., 422 S.W.2d 345, 347 [1]; Davis v. State Department of Public Health and Welfare, Mo.App., 274 S.W.2d 615, 616 [1–6].

Here no evidence was introduced and the issues are raised upon facts which in effect were agreed to by the parties. It falls into that category of disputes mentioned in Howlett v. Social Security Commission, 347 Mo. 784, 790, 149 S.W.2d 806, 810 [8], where the court said: "Granted that certain facts are admitted to exist * * *, then the commission, in deciding that upon those facts, the applicant is or is not entitled to assistance, either applies and follows the correct principle of law or it does not. If it does not follow the law its decision is clearly arbitrary and unreasonable."

■ The contention that the findings of facts on which the director based his decision are not in the record is overruled. The essential facts were in the record by agreement. Since the director followed the terms of Section 208.010(2) [2] in applying a penalty as discussed above, and the essential facts agreed upon justified such action, we cannot characterize his decision as arbitrary or unreasonable.

Turning now to the attack on the constitutionality of Section 208.010(2) [2], we determine that the claimant has no standing to raise such a question. As we stated on the prior appeal (Wigand v. State Department of Public Health and Welfare, Mo.App., supra, 454 S.W.2d 951, 954 [1–5]), our review of this case is based upon the record of the hearing before the director. Eligibility is required to be determined "upon the record so made" (Section 208.080 [3], RSMo 1959, V.A.M.S.), which means the facts as they exist at the time of hearing. As to such eligibility, the claimant has the burden of proof.

■ When we examine the record we find it void of any evidence concerning the eligibility of Mrs. Wigand on her reapplication for old age assistance. Failing in her proof of entitlement to benefits at the administrative hearing, she cannot assert that the imposition of a penalty of one year of ineligibility deprives her of her constitutional rights. A person may not urge the unconstitutionality of a statute in the absence of showing injury. First, the statute must be applied to his disadvantage. Miller v. Police Retirement System of City of St. Louis, Mo., 296 S.W.2d 78, 79 [1, 2]. We therefore disregard the point raised by claimant as to constitutional issues, which, if we're obliged to examine, would cause us to lose jurisdiction. Missouri Constitution of 1945, Article V, Sections 3 and 13, V.A.M.S.; Sheets v. Thomann, Mo.App., 336 S.W.2d 701, 708 [6].

■ Claimant's third contention of error is contained in the assertion that Section 208.010(2) [2] was so construed as to cause the penalty to run from and after a date subsequent to the "date of discovery", whereas the statute requires it to run from the "date of discovery." In support of this, she says the director assessed a penalty of one year's ineligibility based upon facts discovered prior to May 1, 1968, so that the year of ineligibility had to be over by April 30, 1969. And so she reasons she was wrongfully refused eligibility until

October of 1969. But, here again, we find nothing in the record as to the effective dates of the penalty period. In a brief compilation of information typed on the application form and signed by the director of the St. Louis office, it is said under Item 4: "Reason for action or decision. Client is appealing Mr. Crowe's decision regarding restitution of 10–2–68 wherein a one year penalty is being applied." This apparently refers to the letter of that date which has been referred to above. It does not indicate the beginning and ending date of the penalty period. Obviously, if claimant desired to raise this question, she should have preserved it in the record by the production of proper evidence. Since it was not preserved at the hearing by the party who had the burden of proof, and no evidence adduced in support thereof, the director could not incorporate it in his findings of facts and render a decision thereon. Not having it in the record, we do not have this question before us. Civil Rule 82.12 (b), V.A.M.R.; City of Hannibal v. Winchester, Mo.App., 360 S.W.2d 371, 373 [3, 4].

■ Claimant's fourth point raises a challenge to the decision and judgment of affirmance because the order imposing the penalty was not timely entered. Aside from the assertion of this error in the brief, we again do not have anything in the record to sustain the contention. For the reasons previously given we do not reach this issue.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.