THE HANNIBAL AND ST. JOSEPH RAILROAD Co., Defendant in
Error, *vs.* MORTON, Plaintiff in Error.*

1. Under the charter of the Hannibal and St. Joseph railroad company, (Ses.
Acts 1847, p. 156,) a writ of error does not lie to the action of the judge of
the circuit court upon the report of the viewers appointed to assess damages
to individuals over whose land the road is run. The judgment entered upon
the report is final.

### *Error to Marion Circuit Court.*

This was a proceeding by the Hannibal and St. Joseph Rail-
road Company, under their charter, to run their road through
the land of Samuel Morton. The proceeding was begun before
the judge, during the sitting of the Marion Circuit Court. The
entry upon the record, after the title of the cause, states that
the notice to the judge was given by "Joshua Gentry, agent of
said company," and that said agent prayed the appointment of
viewers "to examine and view said land and assess the dam-
ages done thereto by reason of the location and construction
of said road;" and that thereupon the court appointed viewers,
who came and took the oath required by the charter of said
company.

On the 28th of April, 1854, the viewers filed with the clerk
in vacation their report of the damages assessed by them. On
the 3d of May, Morton filed his objections to the report, which
were sustained by the judge, and new viewers appointed "to re-
view and examine the lands of the defendant, and assess the
damages *done thereto*, by the construction and location of said
road over the same, and report thereon." On the 1st of July,
these reviewers filed their report with the clerk in vacation.
The report, after reciting that they had been appointed to ex-
amine the land of Morton "and report what damages *will be*

---

* Another case by the same company against David Morton, of precisely
the same character with the above, was decided at the same time, the writ of
error being dismissed.

*done thereto* by reason of the construction of the road," &c., states that, having first taken an " oath faithfully and impartially to discharge the duties" of their appointment, they went upon and examined the lands of Morton, and assessed " the damages *done to said lands*, by reason of the location and construction of said road over the same," at $150, &c.

On the 4th of July, Morton filed with the clerk in vacation his objections to this report. On the 6th of July, the clerk in vacation entered judgment upon the report. On the 24th of August, before the judge of the Circuit Court, which was then sitting, Morton filed his motion to set aside the judgment entered by the clerk in vacation, which was overruled. He then filed a motion to set aside the report, and also " a motion for leave to introduce proof as to damages found by commissioners," both of which motions were overruled. He then filed his bill of exceptions, and sued out this writ of error.

*Glover & Richardson,* for plaintiff in error. 1. The whole proceedings in this case are null and void, because not instituted in the name of the corporation, as required by the charter, but in that of the agent of the corporation. 2. The order appointing the second viewers was illegal, in directing them to assess the damages *done* to Morton's land, not the damages that *will be done,* as required by the charter. 3. The report of the second viewers is irregular and illegal on its face, in this, that it did not appear that they ever became qualified to act by taking and subscribing the statutory oath. 4. The judgment entered by the clerk in vacation upon the report of the second viewers was in direct violation of the statute. 5. The statute allows but one review of the evidence touching the extent of the damages ; but if the proceedings of the viewers are irregular or illegal, and this appears upon the face of their report, it should be set aside.

*Richmond,* for defendant in error. All the requisitions of the charter were substantially complied with. The report of the viewers, though subject to a verbal criticism, shows on its face that they had in contemplation all the damage Morton

would sustain on account of the location and construction of the road through his property. Any informalities in the early stages of the proceeding were waived by the appearance and objections of Morton.

RYLAND, Judge, delivered the opinion of the court.

This was a proceeding by the Hannibal and St. Joseph Railroad Company to have the said road laid out through the lands of the defendant, Samuel Morton, and to have viewers appointed to assess the damages, if any, which the construction of the road will do to the lands of said Morton. This proceeding was under the charter of said railroad company. This company was incorporated by the legislature in 1847. By its charter, the company has power "to view, lay out and construct a railroad from St. Joseph to Palmyra, thence to Hannibal; and shall, in all things, be subjected to the same restrictions and entitled to all the privileges, rights and immunities which were granted to the Louisiana and Columbia railroad company by an act entitled "An act to incorporate the Louisiana and Columbia railroad company, passed at the session of the general assembly in 1836 and '37, approved January 27, 1837."

The 8th and 9th sections of this last act are as follows :

§8. In all cases where any person through whose lands said road or any branch thereof may run, shall refuse to relinquish the quantity aforesaid, or when no contract can be made with the owner thereof, either on account of the absence of such owner, or being an infant, or of unsound mind, or a married woman, or from any other cause whatever, it shall be lawful for the company to give notice thereof to the *judge* of the circuit court within which the lands lie ; and it shall be the duty of the *judge* thereupon to appoint three discreet, disinterested men, citizens of the county, to examine and view said lands, upon a day to be given by said viewers designated. At least ten days' notice of the time of making said view, shall be given to the owner of such lands, if a resident of the county ; if a non-re-

sident of the county, notice shall be served upon the tenant residing on the land ; and if the owner is a non--resident of the county and no tenant is residing on the land, notice shall be given by an advertisement in some newspaper in or nearest to the county in which the lands lie. In the case of any lands belonging to any married woman, notice shall be served upon her husband. In the case of infants, or persons of unsound mind, notice shall be served on the guardian of such infant or persons of unsound mind ; and where there is no guardian of such persons, the *judge* shall appoint some suitable person to act in their behalf.

§9. The viewers appointed by this act shall, severally, before entering upon the duties of their appointment, take and subscribe an oath, faithfully and impartially to discharge the duties of their appointment, and particularly to honestly assess the damages, if any there are, which the construction of the road will do to the lands of such owner, taking into their estimate the advantages as well as the disadvantages the said road may be to be the same. It shall be the duty of said viewers to go upon the said lands and examine the same, and report what damages, if any, will be done to said lands or any building or appurtenance thereon ; which report shall be accompanied with a plat of the land viewed and returned into the office of the clerk of the circuit court of the county ; and the clerk shall file the same and enter judgment on the record of the court for the amount thereof, which shall be final and conclusive between the parties, unless they shall file in writing with the clerk, within five days after the making of the view, their objections to the same ; and whenever any objections shall be thus filed, it shall be the duty of the judge to examine the same, as soon thereafter as may be, either in vacation or term time, and may hear testimony thereon, and if the judge shall find the objections sufficient and legal, he shall order a review by three other viewers, who shall proceed in the same manner as hereinbefore provided ; but not more than one review shall be granted to the same person ; and if the judge shall find said objections not to be just or sufficient,

he shall direct judgment to be entered according to the report. In all cases, the clerk shall not enter judgment until the five days for filing objections shall have passed.

These are the provisions of the charter which allow the proceedings in this case. Here the circuit judge appointed viewers; they make their report; the party owning the land, Samuel Morton, files his objections to the report; the circuit judge, upon examination of the objections, sets aside the report; and appoints a new set of viewers; they make their report; Samuel Morton again files his objections to this second report with the clerk of the circuit court, and moves for leave to introduce proof in regard to the assessment of damages. His motion and objections to the report are overruled, and the clerk enters the judgment for $150, in favor of Morton, against the company. Samuel Morton, having excepted to the acts of the judge and clerk, brings the case here by writ of error.

1. In the opinion of this court, a writ of error will not lie in this case. This whole proceeding is of the nature of proceedings *in pais*. These acts are not done by a court; no judgments of a court are required to be given or rendered in such proceedings. The judge and not the circuit court is to act. He may act in his chambers. The clerk is to act, and not merely to record the proceedings of the court; and what these persons may do was, in contemplation of the law makers, final in certain events. The general rule is, that a writ of error will lie only on a final judgment, or an award in the nature of a judgment, given in a court of record, acting according to the course of the common law. In England, it is well settled, that error does not lie when the court acts in a summary manner, or in a new course, different from the common law. Now, in this case before us, there is no act of any court. It is a summary proceeding before a judge in vacation, and under a special authority by statute, in which the intention is obvious that the acts of the judge should be final.

It has been held in New York, that a writ of error does not lie upon the refusal of the Supreme Court to set aside the de-

,cision of trustees under the statute relative to absconding debtors, upon an allegation of error in the adjustment of the demands due the creditors of the absconding debtor, although the statutes of New York declare writs of error to be writs of right, as well upon a *determination*, as upon a final judgment in civil cases. 2 Rev. Stat. 591, §1. 10 Wend. Rep. 34.

In Connecticut, it was held that, though under the charter of the Hartford and New Haven railroad company, the quantity of land taken for the road must be designated, so that the freeholders may know what to appraise before the damages can be legally assessed, yet the charter does not require the width of the road to be determined before the route is approved by the commissioners, and the freeholders to assess the damages are appointed. The appointment of freeholders to assess the damages, in such a case, is not the subject of revision by writ of error. 13 Conn. Rep. 110.

Upon the whole, then, this court is of opinion, that the writ of error will not lie in this case. The same is accordingly dismissed ; the other judges concurring.