IN RE APPLICATION OF REX L. REYNOLDS AND WIFE TO REDEEM REAL ESTATE, APPELLANTS, v. WILLIAM J. JUSTICE, RESPONDENT.—66 S. W. (2d) 169.

Kansas City Court of Appeals. November 6, 1933.

R. C. Southall for appellants.

Borders, Borders & Warrick for respondents.

SHAIN, P. J.—The appellants herein were, on February 28, 1932, the owners of Lot 9 of Block 12, Armour Hills, a subdivision of Kansas City, Missouri. The above real estate was subject to a first mortgage of $7,500 and a second mortgage of $1,000.

The second mortgage was foreclosed on February 28, 1933, and William J. Justice, respondent herein, became the purchaser. There is no claim as to irregularity of foreclosure proceedings and it is admitted that respondent was and is a representative of the holder of the mortgage debt.

The appellants proceeding under and by virtue of the provisions of Sections 3063 and 3064, Revised Statutes 1929, did in due time, in due form and with due notice file intention to redeem. In due time, appellants filed a redemption bond with I. L. and P. J. Holzman as securities. On March 7, 1933, and in due time, matter of approval of the bond was taken up and the following proceedings were had and entered of record:

"Now on this day petitioners file bond to redeem real estate in the sum of $1,000 with Rex L. Reynolds and Myrtle Reynolds as principals and I. L. Holzman and P. J. Holzman as sureties thereon, which said bond is by the court temporarily approved."

It appears that on March 20, 1933, appellants filed a new bond with Roy H. Gould as security. No action seems to have been taken on

this bond. Prior to March 27, 1933, appellants file another bond with J. W. Cox as security. On March 27, 1933, the following proceedings were had and entered of record:

"Now on this day, petitioners' application to redeem real estate is by the court denied, and bonds to redeem real estate heretofore filed herein are by the court disapproved, and cause is by the court dismissed at petitioners' cost, for which execution shall issue. To which order and ruling of the court petitioners excepted and still excepts."

On March 31, 1933, appellants filed a motion for rehearing and the following proceedings were had and entered of record:

"Now on this day petitioners' motion for rehearing on redemption bond is by the court overruled. To which ruling of the court petitioners except."

On April 1, 1933, appellants filed an application and affidavit for appeal, same being in words and figures as follows:

## "APPLICATION FOR APPEAL

"Come now the above-named petitioners and pray that they be granted an appeal to the Kansas City Court of Appeals from the following rulings and orders of the court:

"1. Disapproving the bond signed by Roy H. Gould as surety.

"2. Disapproving the bond signed by J. W. Cox as surety.

"3. Dismissing this cause and the bond approved by Hon. Allen C. Southern when there was no motion before the court to dismiss either bond or cause.

"4. Overruling motions for rehearing on the above three orders and rulings.

"R. C. SOUTHALL,
"Attorney for Petitioners."

"Affidavit For Appeal

"R. C. Southall, being duly sworn, makes oath and says that he is the attorney for the above-named petitioners and that the appeal prayed for in the above-entitled cause is not made for vexation or delay, but because the affiant believes that the appellants are aggrieved by the judgment and decision of the court.

"R. C. SOUTHALL.

"Subscribed and sworn to before me this 31st day of March, 1933.

"LYNN G. BUFORD,
"Clerk of the Circuit Court.
"(L. S.)                    "By J. R. STRODE,
"Deputy."

On the following day the following proceedings were had and entered of record:

"And now petitioner's petition for appeal is by the court denied."

Thereafter, under the provisions of Section 1023, Revised Statutes 1929, appellants made application to one of the judges of the Kansas City Court of Appeals for an appeal, which was granted to this court by said judge on April 11, 1933.

On April 24, 1933, respondent filed in this court a motion to vacate and set aside the order of this court in allowing appeal. The respondent in his motion presents several grounds for his motion. The first ground presents the contention that no appeal lies from the action of refusing to approve a bond presented in an application to redeem real estate under the provisions of Sections 3063 and 3064 of Article 2, Chapter 22, Revised Statutes Missouri, 1929.

We give consideration of this question first, for the reason that if respondent's contention be right, we need not go further to determine the whole matter before this court.

To determine the matter presented, it becomes necessary to consider in connection with the above section the provisions of Section 1018 of Revised Statutes 1929, which reads as follows:

## "Appeals When Granted.

"Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction from any order granting a new trial, or in arrest of judgment, or order refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, or dissolving an injunction, or from any interlocutory judgments in actions of partition which determine the rights of the parties, or from any final judgment in the case, or from any special order after final judgment in the cause; but a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case. The Supreme Court shall summarily hear and determine all appeals from orders refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, and for that purpose shall, on motion, advance the same on its docket." [R. S. 1919, sec. 1469.]

The provisions for redemption provided for in Sections 3063 and 3064, Revised Statutes 1929, are purely statutory. No such right existed at common law, and it follows that if appeal lies it must be by virtue of section 1018, set out above.

If an appeal lies the act of approval or disapproval of a redemption bond, under provisions of sections 3063 and 3064 above, must be construed to be a judgment of a circuit court in a civil cause.

In the text of 1 Corpus Juris, at page 930, this language is found:

"The precise meaning and application of the term must sometimes

be determined not by its general definition, but according to the manner in which it is used in the particular case, for a proceeding may be in a general sense civil, and yet not within the application of certain laws relating to civil actions."

The appellate courts of Missouri, so far as we have been able to find, have never passed upon the issue that is presented in this case. We are unable to find any decision in Missouri that clearly defines just what is a civil cause within the meaning of section 1018 of Revised Statutes 1929.

Proceedings under sections 3063 and 3064 of our statutes constitutes what is commonly called special proceedings, wherein no appeal lies unless expressly provided.

It follows, as before stated, that unless the action of approving or disapproving a redemption bond be construed to be a judgment of the circuit court in a civil cause, no appeal lies.

The act for redemption of real estate sold under mortgage as it stood prior to the legislative act of amendment Laws 1917, pages 209, 210 and 211, provided that in vacation the clerk of the circuit court pass upon the bond. It follows that the act as it stood before amendment made the question of approval of bond a ministerial act and it is well settled that appeal does not lie from such an act. It thus follows that the legislative intent as expressed in the original act must stand, unless there is expressed in the amendment a legislative intent to change the act of approval so as to make the same judicial instead of ministerial.

The section as amended contains this language:

"If court should not be in session when such bond and application are so filed the clerk may temporarily approve the same subject to future action of the court thereon but unless so temporarily approved or presented to the court or judge thereof in chambers for consideration within such twenty days the same shall be taken and deemed as finally rejected and disapproved. The court or judge thereof may continue or adjourn the hearing or consideration of such bond when so within such twenty-day period temporarily approved by the clerk or presented to the court or judge thereof but the proceedings thereon shall be speedily and summarily acted upon and settled *including the right or not of the obligor or obligors in the bond to give bond and to make such redemption.*"

The italics, which are ours, are for the purpose of emphasizing the fact that there are other duties placed upon the trial judge other than the mere approval of a bond and it appears that the duties provided by the words in italics are different in character from the act of approving a bond.

We conclude that the language of the amendment, that is directed at the question of approval of bond, does not express a legislative intent to change the act of approval from a ministerial to a judicial

act. "The fact, that a clerk can make temporary approval, that the matter is for consideration of the judge in chambers, and that it is provided that the approval is for the court or judge thereof," all negative a legislative intent to make the act of approval a judicial act.

The act of bond approval partakes of the nature of the act of appointment of viewers appointed to assess damages in condemnation proceedings concerning which the court, in the opinion in Hannibal and St. Joseph Railroad Company v. Morton, 20 Mo. 70, said:

"This whole proceeding is of the nature of proceedings *in pais.* These acts are not done by a court; no judgments of a court are required to be given or rendered in such proceedings. The judge and not the circuit court is to act. He may act in his chambers . . . . The general rule is, that a writ of error will lie only on a final judgment, or an award in the nature of a judgment, given in a court of record, acting according to the course of the common law. In England, it is well settled, that error does not lie when the court acts in a summary manner, or in a new course, different from the common law. Now, in this case before us, there is a judge in vacation, and under a special authority by statute, in which the intention is obvious that the acts of the judge should be final."

The language of the court in Ackerman v. Green, 201 Mo. 231, at page 244, wherein special proceedings provided by legislative act directing inquisition of a judgment creditor, gives weight to our conclusion expressed above. In that case the court said:

"In addition to what has been said above, where a statute in relation to special proceedings is complete in itself and covers the entire subject, it is exclusive, and the proceedings under it are governed solely by its provisions. [Baker v. Railroad, 36 Mo. 543; Carter v. Tindall, 28 Mo. App. 319; Schwoerer v. Christopher, 64 Mo. App. 81.]"

We conclude, as before stated, that the language of the act of amendment does not express an intent to change the character of the act from ministerial to judicial, but expresses an intent to provide a better safeguard by requiring the judge of the court to finally determine as to approval and not leave that matter of final approval in any event to the clerk alone.

While the conclusions reached and stated above are sufficient to determine the particular issue before the court, still we deem it best to harmonize the law by distinguishing the issue in this case from the issue as presented in State ex rel. Hanks v. Seehorn, reported in 55 S. W. (2d) at page 714.

We do not wish to be understood as holding that no issue can arise under the provisions of Sections 3063 and 3064, Revised Statutes 1929, from which an appeal will not lie under the provisions of Section 1018, Revised Statutes 1929.

Referring to the language of the amendment of 1929, that is emphasized by our italics, it will be noted that certain duties are put upon the trial court that are necessarily judicial in character.

It is well said in Bryant v. Glidden, 36 Mo. 36, 44, that: "The words 'civil action,' as used in the statutes, includes all legal proceedings partaking of the nature of a suit and designed to determine the rights of private parties."

The language of the statute certainly imposes the duty upon the circuit court to judicially determine the private rights of mortgagors to give bond and the right to judicially determine the issue of right of redemption as between the mortgagor and purchaser.

In the case of State ex rel. Hanks v. Seehorn, supra, an issue of right to redeem was put in issue and this court's action in that case is based upon our conclusion that the determination of the issue of the right to redeem is a judicial act.

In the case at bar the right to redeem is not in issue nor is the question of the right to give a bond in issue.

As we conclude that there is no right of appeal from the matter of approving bond under the provisions of Sections 3063 and 3064, Revised Statutes 1929, we need not take time to discuss other points raised.

In conformity with conclusions reached and stated above, the appeal in this case is dismissed. All concur.