**STATE ex rel. STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Respondent,**

v.

**P. R. LYNCH, Leoti A. Lynch, and Alfred N. Lynch, Defendants-Appellants.**

No. 10240.

Missouri Court of Appeals, Springfield District.

March 13, 1978.

Arthur B. Cohn, Jr., Waynesville, for defendants-appellants.

Bruce A. Ring, Jefferson City, Earl H. Schrader, Jr., Darold W. Jenkins, Independence, for plaintiff-respondent.

Before STONE, P. J., and HOGAN and FLANIGAN, JJ.

HOGAN, Judge.

This is a scire facias proceeding pursuant to Rule 74.36, V.A.M.R. The judgment, in the amount of $93,140, was entered in the Circuit Court of Phelps County on March 18, 1969. The trial court has entered an order of revivor and the judgment debtors (Lynch) have appealed.

Very seldom in our appellate experience have we been presented with so fragmentary a record. All the nine-page record contains, in the final analysis, is the praecipe, some docket entries, extended conversation between counsel and the trial court, and an undated entry purporting to be the order of revivor. Upon this record, counsel for the appellants asks us to hold the *original* judgment void. The original judgment, apparently entered pursuant to § 523.045, RSMo. (1969), V.A.M.S., is not in evidence. We may add that in the exercise of discretion pursuant to Rule 81.12(c), V.A.M.R., we have attempted to supplement the record sufficiently to orderly dispose of the appeal on its merits, with insignificant success.

We have held repeatedly—in fact to the point of distraction—that while we acknowledge our duty to dispose finally of an appeal on its merits, if possible, the performance of that duty necessitates and presupposes the existence of a record upon which this court can perform its duty with some degree of confidence in the reasonableness, fairness and accuracy of its final conclusion. See, e. g., *State ex rel. Mayfield v. City of Joplin*, 485 S.W.2d 473, 475 (Mo.App.1972). As we noted there, 485 S.W.2d at 476, the respondent does not have the burden of sustaining the judgment entered; it comes here clothed with the presumption that the judgment is correct, and the burden is on the appellants to demonstrate error. It is an appellant's duty to furnish an adequate record on appeal. *Edwards v. Hrebec*, 414 S.W.2d 361, 366[8] and authorities collated, n.7 (Mo.App.1967). This has simply not been done.

Inasmuch as no error is demonstrated on this appeal, the order of revivor is affirmed; the cause is remanded to the Circuit Court of Phelps County with direction to let execution issue forthwith.

All concur.