**MODEL HOUSING AND DEVELOP-MENT CORPORATION, Appellant,**

v.

**COLLECTOR OF REVENUE et al., Respondents.**

No. 39970.

Missouri Court of Appeals, Eastern District, Division Three.

May 29, 1979.

---

Elbert Dorsey, St. Louis, for appellant.

James J. Wilson, Assoc. City Counselor, James E. Crowe, St. Louis, for respondents.

GUNN, Judge.

Appellant, Model Housing and Development Corporation, sought to intervene in proceedings instituted by respondent Collector of Revenue foreclosing tax liens on certain parcels of real estate in St. Louis in which appellant alleges it has an interest as the owner or holder of deeds of trust. The trial court denied appellant's motion for intervention. As best we are able to determine from the scanty record before us and from appellant's brief, appeal is taken from the denial of the motion for leave to intervene. For reasons which we shall indite, we dismiss the appeal.

The appeal has been submitted to us on an abbreviated transcript as agreed by the parties. We believe it fair to utilize the appellant's entire statement of facts contained in its brief, as it seems satisfied to bottom its appeal on those facts:

The Collector of Revenue of St. Louis, Missouri, pursuant to Section 92.700 et seq. RSMO (1974 Supp) on September 5, 1973, instituted legal proceedings (Land Tax Suit # 14), against certain parcels of land which were encumbered with tax liens. Among those parcels of land sued were certain parcels which were owned by Model Housing and Development Corporation (hereinafter called Model Housing) or upon which Model Housing had a purchase money Deed of Trust.

Sometime during the month of December, 1973, a default judgment was taken against the parcels of land included in Land Tax Suit 14. On or about March 13, 1974, Model Housing sought to intervene in the pending action and to assert certain defenses to the proceedings. Included in the transcript on Appeal is a copy of the Motion to Intervene and Bring in Third Party Defendants.

Also filed was a Notice of the Motion and a Third Party Petition, wherein Model Housing asserted its defenses to Land Tax Suit 14.

On June 18, 1974, Judge Harold Satz, sitting in Division 2 Circuit Court, City of St. Louis, denied Model Housing Motion to Intervene as per the order included in the Transcript.

On October 19, 1977, Model Housing by and through its attorney, renewed its Motion to Intervene. This Motion was denied by Judge Michael Hart, sitting in Division 2 and leave was granted to seek an appropriate special writ.

On November 7, 1977, a Petition for Writ of Mandamus was filed in the Missouri Court of Appeals, St. Louis District.

On November 22, 1977, this petition was denied.

Subsequently, on November, 23, 1977, the final order in Land Tax Suit 14 was entered whereby title to the real property was transferred to the Land Reutilization Authority, City of St. Louis.

Appeal was taken on December 13, 1977.

The abbreviated transcript tells us scarcely more than appellant's statement of facts,

except that Judge Satz' order of June 18, 1974 denying intervention found that appellant had not fulfilled essential procedural requirements for intervention including the fact that it was not timely filed. However, Judge Satz gave appellant until July 10, 1974 to seek an extraordinary writ—an action which appellant did not take until some time in November, 1977 after Judge Hart, by order dated October 19, 1977, had denied a renewed effort by appellant to intervene. Then, petition for writ of mandamus was denied by this court on November 22, 1977.

There is a substantial lacuna in the record before us concerning the default judgment designated in appellant's statement of facts as having been issued "sometime during the month of December, 1973." Without information regarding the content and fact of that default judgment, our decision whether appellant's appeal contending that its motion for intervention was timely would be baseless.

■ It is fundamental that application for intervention as a matter ʾof right— which appellant claims it has—[1] must be timely, and particularly an application for intervention subsequent to trial, judgment or decree would not be timely unless substantial justice mandates otherwise. *City of Bridgeton v. Norfolk & W. Ry. Co.,* 535 S.W.2d 99 (Mo. banc 1976).

■ The parameters of timeliness have been somewhat clarified by judicial decision. If application is made for intervention as of right before trial, leave to intervene is rarely denied, even though the application is made long after institution of proceedings and shortly before trial setting. *State ex rel. Duggan v. Kirkwood,* 357 Mo. 325, 208 S.W.2d 257 (Banc 1948); *State ex rel. Transit Cas. Co. v. Holt,* 411 S.W.2d 249 (Mo.App.1967). Once judgment is final the trial court loses jurisdiction over the matter. Intervention as of right is therefor precluded because no pending action exists

into which the purported intervenor could intervene. *City of Montgomery v. Newson,* 469 S.W.2d 54 (Mo.App.1971); *Alamo Credit Corp. v. Smallwood,* 459 S.W.2d 731 (Mo. App.1970). The situation is less clearly defined, however, if the application for intervention is made after trial setting and before any judgment or decree has become final. *See, State ex rel. Aubuchon v. Jones,* 389 S.W.2d 854 (Mo.App.1965).

The record before us places us in a dilemma similar to that confronting the reviewing court in *City of Hannibal v. Winchester,* 360 S.W.2d 371 (Mo.App.1962), in that it gives scant background for considering the issue raised on appeal. We are unable to reach a denouement on the critical issue presented by the appellant—whether the motion to intervene was timely. We know that floating somewhere is a default judgment rendered "sometime during the month of December, 1973;" that on March 13, 1974, appellant sought and was rejected in its efforts to intervene in the proceeding in which the default judgment had been rendered. But the record given to us contains nothing about the nature or effect of that judgment, and without some information concerning the default, we cannot resolve the issue raised by appellant.

■ Rule 84.08 allows an appeal to be dismissed after the appellant fails to comply with Rule 81.14(a) which provides, in part, that the transcript "shall also contain all of the record, recitals, proceedings, and evidence necessary to the determination of all questions to be presented to the appellate court for decision." And the burden is on the appellant to provide the transcript necessary for review. *State ex rel. State Highway Com'n v. Lynch,* 563 S.W.2d 779 (Mo.App.1978); *Empire Gas Corp. v. Randolph,* 552 S.W.2d 82 (Mo.App.1977). The following from *State ex rel. State Highway Com'n v. Lynch,* supra at 780, is particularly appropriate to the situation here:

1. In view of our ruling dismissing the appeal, we need not ponder the issue whether appellant was an indispensible party to the action and whether the order denying intervention ʾ was a final, appealable judgment. In this re-

gard, see, *City of Hannibal v. Winchester,* 360 S.W.2d 371 (Mo.App.1962); *Ratermann v. Ratermann Realty & Investment Co.,* 341 S.W.2d 280 (Mo.App.1960).

We have held repeatedly—in fact to the point of distraction—that while we acknowledge our duty to dispose finally of an appeal on its merits, if possible, the performance of that duty necessitates and presupposes the existence of a record upon which this court can perform its duty with some degree of confidence in the reasonableness, fairness and accuracy of its final conclusion.

The judgment comes before the appellate court clothed with the presumption that it is correct, and the appellant must establish the error. *Gover v. Empire Bank,* 574 S.W.2d 464 (Mo.App.1978); *In re Royall,* 569 S.W.2d 369 (Mo.App.1978); *State ex rel. State Highway Com'n v. Lynch,* supra; *Corley v. Kiser,* 556 S.W.2d 218 (Mo.App. 1977); *French v. Tri-Continental Leasing Co.,* 545 S.W.2d 345 (Mo.App.1976). The appellant here has failed in its duty to present a record which would allow us to dispose of the case on its merits.

The appeal is dismissed.

REINHARD, P. J., and CRIST, J., concur.