**CITY BLOCK & PRODUCTS COMPANY, Appellant,**

v.

**The SPOFFORD HOME et al., Respondent.**

No. 30193.

Missouri Court of Appeals, Western District.

June 11, 1979.

John K. Weilert, J. D. Williamson, Jr., Independence, for appellant.

Paul H. Niewald and John L. Hayob, Kansas City, Attorneys for respondents The

Spofford Home and Jenkins & Blaine Construction Co.

W. Perry Brandt, Kansas City, for respondents Michael G. O'Flaherty and First National Bank.

Daniel J. Flanigan, Kansas City, for respondent Daniel J. Flanigan.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

MANFORD, Judge.

Appeal from final order dismissing appellant's petition. Reversed.

Appellant supplied certain building materials for respondent's property. Appellant timely filed its mechanic's lien. Upon suit to enforce its lien, appellant asked leave of the trial court to amend its petition to correct a typographical error in its petition. It was alleged that the date should have been April 11 instead of March 11, as stated in the petition.

As required by statute, appellant provided an accounting of materials furnished. Copies of this accounting were attached to the petition and made a part thereof. As exhibits and as part of the petition, these documents established the validity of the April 11, 1977 date.

The trial court denied appellant's request to amend· and almost simultaneously sustained respondents motion to dismiss. The refusal to permit appellant to amend the face of his pleadings placed appellant's claim outside the statute of limitations regarding mechanic's liens.

■ The trial court abused its discretion and should have permitted appellant to correct the typographical error. In its failure to do so, the trial court failed to follow the more liberal and favored interpretation of Rule 55.12, because the exhibits attached to the petition became a part of the petition.

■ The dismissal of appellant's petition with prejudice constituted a final adjudication of the cause on its merits, giving this court the power to review the action taken. (see Rule 67.02)

It should be noted that the rule laid down in Braun v. Graham, 211 S.W.2d 494 (Mo. App.1948), relied upon by respondents, prohibiting amendment to a petition which changes substantial facts, not only fails to be persuasive herein because appellant did not attempt to change a substantial fact, but further, without overruling Braun v. Graham, supra, our State Supreme Court held that such rule was not to be enforced. White v. Sievers, 359 Mo. 145, 221 S.W.2d 118 (1949).

There is nothing in this record to indicate that respondents will suffer any undue hardship if the matter is tried on its merits.

This case is reversed and remanded with directions that appellant be granted leave to amend its petition to the date of April 11, 1977 in lieu of March 11, 1977, and that the matter be taken up and disposed of on the merits.

All concur.