Leland V. LAMMERT, et al.,
Appellants,

v.

BREMAN BANK & TRUST COMPANY,
et al., Respondents.

No. 48032.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 9, 1984.

Motion for Rehearing and Transfer
Denied Nov. 20, 1984.

S. Robert Striebel, St. Louis, for appellants.

Edward E. Murphy, Jr., Garry Seltzer, Clayton, Jules Q. Strong, St. Louis, for respondents.

CLEMENS, Senior Judge.

Proceeding by defaulting mortgagor-appellants Leland and Nancy Lammert to redeem real estate from defendant-mortgagee's foreclosure sale.

When borrowers defaulted defendant-lender Bremen Bank foreclosed and bought the mortgaged real estate. Plaintiffs then began this proceeding to redeem the real estate from sale. On defendant bank's motion the circuit court dismissed plaintiffs' motion to redeem as inadequate, this for failure to have court approval. Mortgagors have appealed.

At issue here are the three redemption statutes. In essence, with our emphasis, they provide:

Section 443.420 declares redemption is conditioned upon the borrowers' giving security *to the satisfaction of the circuit court* for payment of the debt and costs.

Section 443.430 declares how foreclosed borrowers may redeem upon applying to the circuit court within 20 days after the foreclosure sale; but unless the motion and statutory bond are presented *to the circuit court* for approval within that time "same shall be taken and deemed as finally rejected and disapproved."

Section 443.440 provides that if the said bond is given and *so approved* the trustee shall execute and deliver a certificate of purchase in statutory form.

The cited statutes make no provision for appeal from the circuit court.

The crux of this appeal is that the plaintiff-borrowers, although filing their motion to redeem with the court clerk, failed to present their motion to the circuit court, as specified in the statutes cited above.

In *State ex rel. Hanks v. Seehorn*, 227 Mo.App. 666, 55 S.W.2d 714 [5–6] (1932) the court ruled: "One of the essential requirements was that within 20 days after the foreclosure sale they give security *to the satisfaction of the court ....*" (Our emphasis.)

The most definitive interpretation of the redemption statutes is in *Reynolds v. Justice,* 228 Mo.App. 246, 66 S.W.2d 169 [1, 2] (1933). Under facts parallel to our case the court upheld the trial court's dismissal of the borrowers' motion to redeem for their failure to have *court* approval. The court concluded those statutes

> "express an intent to provide a better safeguard by requiring the judge of the court to finally determine as to approval and not leave that matter of final approval in any event to the clerk alone."

The *Reynolds* court ruled that under the redemption statutes there is "no right of appeal from the matter of approving bond", and dismissed the borrowers' appeal.

Accordingly, we dismiss plaintiff-borrowers' appeal.

STEWART, P.J., and CRANDALL, J., concur.