**Re REDEMPTION PROCEEDING BY Marlene HOKANSON.**

**Marlene HOKANSON, Plaintiff-Appellant,**

**v.**

**CENTERRE BANK OF BRANSON and Marvin Motley, Trustee, Defendants-Respondents.**

**No. 13916.**

Missouri Court of Appeals, Southern District, Division Two.

March 10, 1986.

Jed Meadows, Branson, for plaintiff-appellant.

Marvin Motley, Branson, for defendants-respondents.

HOGAN, Presiding Judge.

This appeal is taken from the refusal of the Circuit Court of Taney County to approve plaintiff's statutory redemption bond tendered after foreclosure sale under the terms of a deed of trust. A declaratory judgment action was filed in connection with the notice of intent to redeem required by § 443.410, RSMo 1978, but the trial court dismissed that action without specifying that its dismissal was without prejudice. The dismissal therefore operated as a final, appealable order, Rule 67.02; *City Block & Products Co. v. Spofford Home,* 583 S.W.2d 257, 258[2] (Mo.App.1979), but no appeal has been taken from that order of dismissal.

Appellant Marlene P. Hokanson defaulted in the obligation secured by a deed of trust executed to respondent Centerre Bank of Branson May 16, 1979. Respondent Marvin Motley was named as trustee. The statutory power of sale was exercised by the trustee and the real estate which constituted security was sold to the mortgagee on February 21, 1984. There is no claim of irregularity in the conduct of the

foreclosure sale. The Centerre Bank was the purchaser.

 There is a great deal of controversy reflected in the extremely sparse record before us concerning the sufficiency of the notice of intent to redeem. The appellant gave notice of her intention to redeem to the respondent bank by letter delivered to one of the officers of the bank. We have no copy of the notice, nor is there any sworn testimony concerning delivery of the notice to the bank. Counsel for the appellant represents that the trustee received actual notice prior to the foreclosure sale, either "at the sale or within ten days before the sale" as required by § 443.410. We do not doubt counsel's representations, nor do we entertain any thought that counsel for the appellant is trying to mislead this court, but we do feel obliged to say once again that we cannot accept counsel's statements as a substitute for record proof, even though we have no reason to doubt its accuracy. *Landers v. Smith*, 379 S.W.2d 884, 887[4] (Mo.App.1964). Counsel for respondent conceded he saw the notice before the sale; he did not say *when*, nor do we find any such concession by stipulation or otherwise in the record.

An application of a bond for redemption, a bond, and notice thereof were timely filed in the circuit court; the circuit clerk temporarily gave approval of the redemption bond, as did the circuit judge on April 5, 1984. The notice was given 17 days after the sale, or so counsel states. At a hearing held April 5, 1985, by agreement, the court changed its mind and set aside its prior approval. No findings were requested; the docket entry is only that "after reviewing file herein & suggestions of law submitted by parties, the court denies the approval of the redemption bond, filed 3–7–84 and temporarially [sic] approved by K. Clarkson, Circuit Clerk." Thus we do not know the reason why the court denied the motion for approval of the bond.

 This brief and modestly-meant opinion is no place for a discourse on statu-

tory redemption following power of sale foreclosure in Missouri.[1] The respondent suggests that the order appealed from is not an appealable order, and the precedents do so hold. *Lammert v. Breman Bank & Trust Co.*, 681 S.W.2d 5, 6 (Mo.App.1984). We in no wise disagree with the holding in *Lammert*, but assuming without deciding, that *Lammert* is factually distinguishable, we must reiterate that our duty to review a cause on its merits presupposes a record and evidence upon which the court can function with some degree of accuracy of its final conclusion. *Phelps v. Watson-Stillman Company*, 365 Mo. 1124, 1132, 293 S.W.2d 429, 435 (1956); *City of St. Clair v. Cash*, 579 S.W.2d 763, 764 (Mo. App.1979). We have no such record here, and accordingly the appeal must be dismissed.

PREWITT, C.J., and MAUS and CROW, JJ., concur.

---

1. For which see the instructive Comment, Statutory Redemption Following Power of Sale Fore-

closure in Missouri, 47 Mo.L.Rev. 309 (1982).