Larry DANIELS and Wilma Daniels,
Plaintiffs–Appellants,

v.

O.G. GRIFFIN and Jean Griffin,
Defendants–Respondents.

No. 15694.

Missouri Court of Appeals,
Southern District,
Division One.

May 3, 1989.

---

Ted M. Henson, Jr., Poplar Bluff, for plaintiffs-appellants.

GREENE, Judge.

Plaintiffs, Larry and Wilma Daniels, sued defendants, O.G. and Jean Griffin, seeking relief in several claims arising out of a property line dispute. The Daniels asked that title to a disputed tract of land be quieted in them, that the Griffins be enjoined from trespassing on the land in question, and enjoined from assaulting, threatening, or harassing the Daniels. The Griffins counterclaimed in five counts, seeking damages for alleged tortious acts of the Daniels. Count V of their counterclaim alleged that the Daniels had been threatening, harassing, and assaulting them, and requested that such acts be enjoined.

The trial court, after a jury-waived trial in which the Griffins proceeded without counsel,[1] granted all relief requested by the Daniels, and denied all relief requested by

the Griffins, except for their prayer that the Daniels be enjoined from threatening, assaulting, or harassing them. Therefore, each was enjoined from threatening, assaulting, or harassing the other.

Despite the fact that the trial court granted the Daniels all of the relief they requested in their petition, they, nevertheless, have appealed that part of the trial court's judgment enjoining them from committing the acts heretofore described. They contend that the trial court erred in granting any relief to the Griffins because (1) the Griffins lacked "clean hands" to seek equity since Mr. Griffin had threatened and assaulted Mr. Daniels with a shovel, (2) the Griffins were not entitled to an injunction since they had an adequate remedy at law, and (3) the judgment in favor of the Griffins was unsupported by and against the weight of the evidence because there was "no evidence" that the Daniels had threatened, harassed, or assaulted the Griffins, because any acts by the Daniels toward the Griffins "were either trivial or justified."

■ Appeals in injunction cases are treated as appeals in other court-tried cases, and it is our duty to uphold the judgment of the trial court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it was based on an erroneous declaration or application of law. *Mertzlufft v. Bunker Resources Recycling*, 760 S.W.2d 592, 596 (Mo.App.1988). In support of their position on the issues raised in their appeal, the Daniels have seen fit to file what they call a transcript, which consists of an abbreviated 15–page document containing selected portions of the direct and/or cross-examination of various witnesses.

■ An appellant has a duty to furnish an adequate record by which allegations of error can be reviewed with some degree of confidence. *In re Redemption Proceeding by Hokanson*, 706 S.W.2d 559, 560 (Mo.App.1986); *State ex rel. State*

---

1. The Griffins, as respondents in this appeal, remain unrepresented and have not filed a brief on appeal.

*Highway Com'n v. Lynch,* 563 S.W.2d 779, 780 (Mo.App.1978). The attorney for the Daniels asserts that the document in question includes all of the evidence relevant to their appeal. Such a statement is self-serving, and is no substitute for the record. *See In re Redemption Proceeding by Hokanson,* 706 S.W.2d at 560.

■ Rule 81.12(a)[2] provides that the record on appeal "shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented," and that "[t]he transcript shall contain the portions of the proceedings and evidence not previously reduced to written form." While the rule contains provisions that some portions of the record can be omitted, if not relevant to the appeal, it is doubtful if such latitude extends to the presentation of selective excerpts from witnesses' testimony that is favorable only to the appealing party.

■ We are entitled to assume that the omitted portions of the record were unfavorable to the Daniels, and that is why they were not included. *Delf v. Cartwright,* 651 S.W.2d 622, 624 (Mo.App.1983). However, if the Daniels, on the basis of the record they chose to submit, have failed to meet their burden of proof on appeal, we may affirm the judgment without regard for those omitted portions of the record. *State ex rel. State Highway Com'n v. Lynch,* 563 S.W.2d at 780; *Delaney v. Gibson,* 639 S.W.2d 601, 604 (Mo. banc 1982).

While what is called a transcript is very limited, it does contain admissions that the Daniels had parked their truck near the Griffins' property on numerous occasions, had taken many pictures of the Griffins and their home and yard, that Mrs. Daniels had parked in front of the Griffins' home and repeatedly sounded her automobile's horn without just cause or excuse, and that she had made numerous disparaging and insulting remarks concerning the Griffins to third persons. Mrs. Daniels admitted that she "[p]robably did" harass the Griffins. There are also incomplete references in the partial transcript concerning the brandishing of firearms by the plaintiffs.

When Daniels was asked if he had threatened Griffin, he answered, "Yes, sir."

In regard to the Daniels' assertion that the Griffins should not be granted injunctive relief because they do not come into court with clean hands, it seems that the genesis of this argument comes from one of the numerous confrontations between the Daniels and Griffins regarding the boundary line dispute. Daniels testified that during one argument, Griffin was standing "with a shovel drawed back." At the time, Daniels was sitting on his John Deere tractor, and was also armed with a shovel. Daniels testified, "I put my shovel down, started my tractor down the road and here he is running in front of the tractor and I was all over the road trying to get by him." Griffin allegedly threw his shovel at Daniels, but did not hit him. From this incident, the trial court could have easily inferred that each man was attempting to do bodily harm to the other.

■ The clean hands doctrine has reasonable limitations, *Baue v. Embalmers Federal Labor Union No. 21301,* 376 S.W. 2d 230, 236 (Mo.banc 1964), and should not be applied where both parties are guilty of the bad conduct that each attributes to the other. Here, the trial judge was commendably trying to restrain all parties from harming or harassing one another, and no error of law appears in his effort to do so.

■ The Daniels next claim that "the evidence showed that the Griffins ... had an adequate remedy at law." If they did, we confess we do not know what it was. The brief, disjointed argument on this point is that the evidence of bad conduct on the part of the Daniels did not amount to "multiple incidents" or "irreparable damage." This argument ignores the established standard that "to oust jurisdiction in equity the remedy at law must be so complete that it attains the full end and justice of the case, reaching the whole ... right of the party ... at the present time and in the future." *Groh v. Shelton,* 428 S.W.2d 911, 918 (Mo.App.1968). We know of no way the trial court could have tried to insure

**2.** Missouri Rules of Court, V.A.M.R.

future peace between the warring parties, short of the issuance of the injunctions in question.

■ In their final claim or alleged error, which is that the injunctive relief granted the Griffins is unsupported by the evidence, the Daniels assert that the evidence shows that any of the acts of the Daniels that the Griffins complain of were either trivial or justified. What record that was made available to us plainly shows a history of troublesome conduct by the Daniels, as well as by the Griffins. We have no right at this stage to second-guess the trial judge by attempting to measure the seriousness of the bad conduct of each of the participants in the unseemly wrangle that accompanied the boundary line dispute.

The judgment in this case is supported by the evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law.

Judgment affirmed.

HOLSTEIN, C.J., and CROW, P.J., concur.