**Edward T. PIUS, Jr., Respondent,**

v.

**Otis BOYD and Boyd 'N Son Products, Inc., Appellants,**

**Illinois Insurance Exchange, Garnishee, Respondent.**

**No. WD 45842.**

Missouri Court of Appeals, Western District.

April 6, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1993.

Application to Transfer Denied Aug. 17, 1993.

Stephen B. Small, Kansas City, for appellant.

Todd A. Norris, David J. Weimer, Berman, DeLeve, Kuchan & Chapman, Kansas City, for respondent Edward T. Pius, Jr.

Before BERREY, P.J., and FENNER and ULRICH, JJ.

ULRICH, Judge.

Both Otis Boyd, d/b/a Boyd's Barbecue, and Boyd 'N Son Products, Inc., appeal the order entered January 16, 1992, overruling Boyd 'N Son Products, Inc.'s motion to intervene as a matter of right pursuant to Rules 90.15 and 52.12; dismissing Boyd 'N Son Products, Inc.'s petition for declaratory judgment and damages arising from wrongful garnishment; ordering garnishee Illinois Insurance Exchange (Exchange) to pay the court administrator the sum of $20,495.16; and directing the court administrator to pay the said sum, less costs, to Edward Pius in satisfaction of Mr. Pius' judgment against Otis Boyd, d/b/a Boyd's Barbecue.[1] On January 24, 1992, Boyd 'N Son Products, Inc., and Otis Boyd filed their notice of appeal. Boyd 'N Son Products, Inc., filed a brief asserting numerous points of error. Mr. Boyd did not file a brief, and his appeal is abandoned. *Henderson v. Smith*, 643 S.W.2d 882, 883

(Mo.App.1982); Rule 84.04(j). The only record filed with this court is the legal file. The appeals of Otis Boyd and of Boyd 'N Son Products, Inc., are dismissed.

On June 15, 1982, Edward T. Pius, Jr., was awarded $11,575.70 by the Division of Workman's Compensation. The award was against Otis Boyd, d/b/a Boyd's Barbecue, as Mr. Pius' employer. Mr. Boyd was not insured, and the award was not then satisfied. On August 31, 1982, Mr. Pius, through counsel, filed the award with the Circuit Court of Jackson County with his application to register the award as a judgment of the court. Notice of the application was sent to Mr. Boyd at 5510 Prospect, Kansas City, on August 31, 1982, and on September 21, 1982, the court entered its order registering the award as a judgment of the court.

On August 23, 1989, Boyd 'N Son Products, Inc., was incorporated in the State of Missouri. Otis Boyd was its registered agent. On March 19, 1990, Boyd 'N Son Products, Inc., forfeited its charter for failure to file an annual report.

On June 15, 1990, Otis Boyd signed an application for fire insurance. Apparently, the application was to renew insurance. The application lists the named insured as Boyd 'N Son Products, Inc., d/b/a Boyd 'N Son Barbecue located at 5510 Prospect, Kansas City. On the same date, Exchange renewed a special multiperil insurance policy naming Otis Boyd, d/b/a Boyd 'N Son Barbecue, as the insured. The policy insured the business located at 5510 Prospect, Kansas City. The policy period included June 15, 1990, to June 15, 1991. Although the application for insurance reflects that the named insured, Boyd 'N Son Products, Inc., d/b/a Boyd 'N Son Barbecue is a corporation, the policy of insurance states that the legal entity insured is an individual.

On May 7, 1991, the building located at 5510 Prospect, Kansas City, burned.

1. The trial court previously entered its judgment July 23, 1991, which was not appealed. Like the January 16, 1992, order, the trial court's July 23, 1991, judgment ordered garnishee, Exchange, to pay the court administrator the sum

of $20,495.16 within ten days and directed the court administrator to pay the sum, less costs, to Edward Pius in satisfaction of Mr. Pius' judgment against Otis Boyd, d/b/a Boyd's Barbecue.

On May 24, 1991, Mr. Pius filed with the Circuit Court of Jackson County his request for execution, garnishment, or sequestration, seeking garnishment of all monies due from the insurance claim pending with Exchange as a result of the building at 5510 Prospect, Kansas City, burning. The summons to garnishee was directed to Exchange and served on the Director of the Missouri Division of Insurance in aid of execution of the pending judgment in favor of Mr. Pius and against Otis Boyd, d/b/a Boyd's Barbecue. The summons was served on the Director of Missouri Division of Insurance on June 11, 1991. The amount of the judgment claimed by Mr. Pius was then $20,495.16.

On July 11, 1991, garnishee's answers to Mr. Pius' interrogatories were filed with the circuit court. The garnishee's sworn answers to Mr. Pius' interrogatories stated that at the time of service of the garnishment until the return date stated in the summons, Exchange possessed $147,753.38 that was property of Otis Boyd, d/b/a Boyd's Barbecue. The answers stated that this sum represented "the net proceeds of fire insurance benefits payable to Otis Boyd by reason of a fire loss to his business property." Upon receipt of proof of loss from Mr. Boyd, Exchange stated that the amount would be due Mr. Boyd. The amount withheld pursuant to the garnishment was $21,000. Apparently, sometime prior to August 12, 1991, the sum of $126,753.38 was paid to Otis Boyd on the insurance policy. Boyd 'N Son Products, Inc., d/b/a Boyd 'N Son Barbecue, claims to have received "the use and benefit of said funds" that Mr. Boyd received from Exchange as a result of the insurance policy which insured the business. Boyd 'N Son Products, Inc., d/b/a Boyd 'N Son Barbecue, demanded payment of the $21,000 from Exchange as the unpaid amount of the insurance contract.

On July 12, 1991, one month prior to the demand made by Boyd 'N Son Products, Inc., d/b/a Boyd 'N Son Barbecue, on Exchange, Mr. Pius requested the court to order $20,495.16 to be paid by the garnishee within ten days of the issuance of the order into court and for the court adminis-trator to pay to the plaintiff the same within fifteen days of receipt of the sum. Rule 90.17. The court order for the garnishee to pay into court and for the court administrator to pay to the plaintiff the sum of $20,495.16 was filed on July 23, 1991, as requested by Mr. Pius.

On or about August 8, 1991, Boyd 'N Son Products, Inc., filed its motion to intervene. The corporation, although never a party, also filed a petition for declaratory judgment and damages averring wrongful garnishment. Mr. Pius contended the corporation lacked the legal capacity to sue and that its Missouri corporation status was administratively dissolved on March 19, 1990. On August 14, 1991, Boyd 'N Son Products, Inc., filed its motion to quash the Exchange's garnishment. On August 20, 1991, the corporation filed a second motion to quash Exchange's garnishment.

On August 20, 1991, a letter was sent in behalf of Exchange to the court administrator stating that the funds would not be released until dispute regarding the proper owner of the sum, Otis Boyd or Boyd 'N Son Products, Inc., was resolved in the Circuit Court of Jackson County. The letter claims that the proceeds of the policy did not belong to Otis Boyd, in the opinion of the representative of the insurance company, as the policy of insurance was required to name Boyd 'N Son Products, Inc., as the insured and not Otis Boyd. The letter also stated that Exchange believed that the policy was erroneously issued in the name of Otis Boyd. On September 11, 1991, a second letter was sent by Exchange to the court administrator stating that "[t]he insurer wishes only to deal impartially with said escrow and to comply with such further order as the court will make after hearing the adverse parties."

On or about August 30, 1991, Boyd 'N Sons Products, Inc., filed its motion to stay the garnishment proceeding until its petition for declaratory judgment to determine the interests of various entities in the garnished funds was determined. Additionally, in the same document, Boyd 'N Sons Products, Inc., moved to vacate the court's order of July 23, 1991, directing the court

administrator to pay the garnishment proceeds to Mr. Pius fifteen days after the proceeds are paid into court.

On or about September 3, 1991, Mr. Pius, through counsel, filed "plaintiff's exceptions to garnishee's supplemental answers to interrogatories." Mr. Pius' "exceptions" recite certain factual statements that occurred in the case to date and notes that the garnishee attempted to amend its response to the interrogatories served upon it by an unverified letter (Exchange's August 20, 1991, letter to the court administrator) stating that the policy of insurance should have named Boyd 'N Son Products, Inc., as the insured instead of Otis Boyd.

On October 7, 1991, Boyd 'N Son Products, Inc., was awarded a certificate of rescission by the Secretary of State of Missouri rescinding the administrative dissolution or forfeiture of Boyd 'N Son Products, Inc., which had been effective on March 19, 1990.

On October 8, 1991, Exchange issued an endorsement to the insurance policy, changing the name of the insured from Otis Boyd d/b/a Boyd 'N Sons Barbecue to Boyd 'N Sons Products, Inc., d/b/a Boyd 'N Son Barbecue. On the same date, Boyd 'N Son Products, Inc., filed its suggestions in opposition to Edward Pius' motion to dismiss and to quash service and to Mr. Pius' motion for sanctions pursuant to Rule 55.03.

On October 31, 1991, the garnishee sent a letter to the circuit court judge stating that the sum of $21,000 would be deposited with the court upon receipt of the court's order directing such deposit and discharging the garnishee from further responsibility with respect to the garnishment.

On January 16, 1992, the court issued its order overruling Boyd 'N Son Products, Inc.'s motion to intervene as a matter of right pursuant to Rules 90.15 and 52.12; overruling Boyd 'N Son Products, Inc.'s motion to stay the garnishment proceedings until its petition to determine the owner of the proceeds as between Otis Boyd and Boyd 'N Son Products, Inc.'s interest was determined; overruling Boyd 'N Son Products, Inc.'s motion to vacate the order

directing the court administrator to pay the proceeds of the garnishment to Mr. Pius; overruling Boyd 'N Son Products, Inc.'s motion for sanctions; and sustaining Mr. Pius' motion to dismiss Boyd 'N Son Products, Inc.'s petition for declaratory judgment and damages for wrongful garnishment. The court determined that at the time the court's July 23, 1991, order was entered, Boyd 'N Son Products, Inc., was not a corporation in good standing and lacked the legal capacity on July 23, 1991, to file a claim for the garnished insurance proceeds and to have its interests in the proceeds determined. The court again ordered Exchange to pay to the court administrator the sum of $20,495.16, whereupon Exchange would be discharged from the garnishment. The court also ordered that within fifteen days following receipt of the sum, the court administrator was to pay the amount received to Mr. Pius.

Boyd 'N Son Products, Inc., contends that the trial court erred by denying its August 8, 1991, motion to intervene. Boyd 'N Son Products, Inc., contends that it had a right to intervene pursuant to Rule 52.12(a) because it claimed ownership in the amount Mr. Pius claimed and garnished from Exchange. The essence of Boyd 'N Son Products, Inc.'s claim is that it, not Otis Boyd, was the proper beneficiary of the insurance policy that insured the building located at 5510 Prospect which was destroyed by fire, that the total sum set aside by Exchange to satisfy Mr. Pius' garnishment belongs to it as the beneficiary of the insurance policy, that Mr. Pius has no legitimate claim to the sum, and that the trial court should have granted its motion to intervene as a matter of right pursuant to Rule 52.12(a).

Before examining Boyd 'N Son Products, Inc.'s contention, the question whether the court has jurisdiction must be considered. The trial court's initial order pursuant to Rule 90.17 was filed July 23, 1991. The order found the garnishee indebted to Otis Boyd and Otis Boyd indebted to Mr. Pius in the sum or $20,495.16 and required the garnishee to pay to the Court Administrator the sum of $20,495.16, with-

in ten days of the order. The order directed the Court Administrator to pay the sum, minus costs, to Mr. Pius within fifteen days following receipt of the sum. The record does not disclose that the July 23, 1991, order was ever set aside or otherwise altered. Not until January 24, 1992, did Mr. Boyd and Boyd 'N Son Products, Inc., file their notice of appeal, appealing from the January 16, 1992, court order which, except for dismissing the corporation's petition for declaratory judgment and damages and denying the corporation's application to intervene and various motions, restated the pay in and pay out provisions of the court's July 23, 1991, judgment.

The trial court's July 23, 1991, order was a final judgment and appealable. The rights of the parties to the action were determined by the order. Rule 74.01. The order required payment of the garnished sum into the court and ultimately to the garnishor.[2] No further order was required. No additional events occurred to affect the pay-out provision of Rule 90.17, and although Boyd 'N Son Products, Inc., filed a motion to quash the garnishment, it was not a party.

Rule 75.01 provides that the trial court has thirty days to vacate, reopen, correct, amend, or modify its judgment. Even assuming, arguendo, the application of Rule 75.01 to garnishment proceedings and to Rule 90.17 orders, the July 23, 1991, order was never vacated, reopened, corrected, amended, or modified. The court's January 16, 1992, order was entered almost six months later. The application to intervene filed by Boyd 'N Son Products, Inc., was filed August 8, 1991, following the entry of the final judgment and was not acted on by the court until January 16, 1992. From March 19, 1990, until October 8, 1991, Boyd 'N Son Products, Inc., was not in good standing having forfeited its charter on March 19, 1990, for failure to file its annual reports. The corporation was not a party to the proceeding when it filed several motions that, because it was never permitted to intervene and was never a party, required dismissal. No notice of appeal was ever filed from the court's July 23, 1991, judgment.

Rule 76.10 states that "Any person, except the judgment debtor, claiming an interest in property which has been levied upon may intervene in the execution proceedings pursuant to Rule 52.12." Rule 52.12(a) requires that for a petitioner to be permitted to intervene, not only must he satisfy the elements establishing intervention as a matter of right, the application must be timely. An application to intervene as a matter of right is not timely if made subsequent to trial, judgment or decree unless substantial justice mandates otherwise. *Model Hous. & Dev. Corp. v. Collector of Revenue*, 583 S.W.2d 574, 576 (Mo.App.1979). In *Model Housing & Development Corp.*, the Eastern District noted that if an application to intervene as of right is made before trial, leave to intervene is rarely denied, even if the application is made long after institution of proceedings and shortly before trial. *Id.* The court also recognized that once judgment is final, the trial court loses jurisdiction and an application for intervention is precluded because no pending action exists into which the applicant could intervene. *Id.* Boyd 'N Son Products, Inc., did not file its petition to intervene until after the July 23, 1991, judgment had been entered, and the corporation was not in good standing when it filed the petition. The judgment was final, and the court had lost any ability to change it when the corporation received a certificate of rescission from the Missouri Secretary of State rescinding the administrative dissolution or forfeiture of its charter on October 7, 1991.

The trial court lacked jurisdiction to enter its January 16, 1992, order because nothing was pending before the trial court.

---

2. Rule 90.17 was amended effective January 1, 1988. The amended rule provides that "[u]pon payment of the property into court the clerk shall disburse it, less costs, to the garnishor within fifteen days after receipt without further order of the court, unless a motion to quash the execution or garnishment has been filed." Rule 90.17 as amended converts once-interlocutory-pay-in orders into final judgments. *S.A. v. Jodoin*, No. WD 45468, slip op. at 8, —— S.W.2d —— at —— (Mo.App. Dec. 8, 1992). The trial court's order contained a pay-out provision consistent with Rule 90.17.

The case had been concluded except for the failure of Exchange to pay the garnishment proceeds to the Court Administrator as required by the court's July 23, 1991, order. Apparently, Exchange has since paid the sum to the Court Administrator. This court lacks jurisdiction to consider Boyd 'N Son Products, Inc.'s appeal from the January 16, 1992, order.

■ Mr. Pius has filed a motion for frivolous appeal pursuant to Rule 84.19. In *Community Bank of Chillicothe v. Campbell*, 813 S.W.2d 40 (Mo.App.1991), this court stated:

> A frivolous appeal is one presenting no justiciable question and so readily recognizable as devoid of merit on the face of the record that there is little prospect that it can ever succeed.

*Id.* at 45. In *Blackstock v. Farm & Home Savings Association*, 792 S.W.2d 9 (Mo. App.1990), *cert. denied*, 498 U.S. 1034, 111 S.Ct. 697, 112 L.Ed.2d 687 (1991), the court stated:

> The issues presented on appeal must be at least fairly debatable in order to avoid assessment of damages for frivolous appeal.

*Id.*, 792 S.W.2d at 11.

Although this court lacks jurisdiction to consider Boyd 'N Son Products, Inc.'s appeal from the trial court's January 16, 1992, order, as such appeal was not justiciable because the July 23, 1991, judgment had concluded the case and had not been appealed, the refusal of Exchange to comply with the trial court's judgment of July 23, 1991, and the events documented subsequent to that date, including entry of the trial court's January 16, 1992, order which was appealed, were sufficiently confusing for the litigants to warrant denial of Mr. Pius' motion for damages for frivolous appeal. Mr. Pius' motion for damages for frivolous appeal is denied.

The appeals of Otis Boyd and of Boyd 'N Son Products, Inc., are dismissed.

All concur.